## STATE EX REL. CROOKSTON LUMBER COMPANY v. DISTRICT COURT OF PENNINGTON COUNTY AND ANOTHER.[1]

February 4, 1916.

Nos. 19,555—(209).

**Workmen's Compensation Act — findings.**

  1. Findings of the trial court in a proceeding under the Workmen's Compensation Act to the effect that claimant was injured while engaged in the work of his employment, and that the employer had actual knowledge thereof, and further that such injury rendered claimant totally disabled with the meaning of the statute, *held* sustained by the evidence.

**Same — "actual notice."**

  2. The finding that the employer had "actual notice" of the injury *held* equivalent to a finding of "actual knowledge" thereof.

Upon the relation of the Crookston Lumber Company this court granted its writ of *certiorari* directed to the district court for Pennington county and Honorable Andrew Grindeland, one of the judges thereof, to review

[1] Reported in 156 N. W. 278.

the judgment in an action in that court under the Workmen's Compensation Act brought by Lewis Svendsgaard against relator to recover compensation for his injuries while in the employ of relator. Affirmed.

*R. J. Powell* and *Leslie C. Millar,* for relator.

*Erling Swenson* and *Donald G. Hughes,* for respondent.

BROWN, C. J.

Proceedings under the Workmen's Compensation Act, brought to this court on *certiorari* after judgment against the employer, relator herein.

The only question presented is whether the findings of the trial court in the respects challenged by the assignments of error are sustained by the evidence.

It appears that relator, the employer, is a corporation and at the time in question was engaged in lumbering operations in woods of northern Minnesota. Claimant was in its employ and while engaged in the line of his work received the injury for which he claims compensation. A limb of a tree about which claimant was working fell and struck him on the head. He was rendered unconscious, but was restored and returned to the camp where his head was bandaged by the camp clerk. The trial court found that this injury resulted in permanent total disability and compensation was awarded accordingly. It further appears that no notice of the injury was formally given to the employer as provided for by the statute, within the time therein prescribed or otherwise, but the court found as a fact that the employer had "actual notice" thereof which, if equivalent to actual knowledge, and is sustained by the evidence is, under the statute, of equal force with a formal written notice. The findings of the court upon this question, as well as upon the question of permanent total disability, are challenged as not supported by the evidence. We dispose of the contentions in their order.

1. Claimant received his injury on February 12, 1914. The evidence tends to show that soon thereafter he returned to the camp and informed the camp clerk, an employee of the relator, and was by him treated for the injury. The camp clerk bandaged the injured head, and repeated the same for several days thereafter. Claimant testified that he was laid up for several days, but then returned to work; that because of his injury he was given lighter work, which he continued to perform until early

in April when he was provided with a ticket which would admit him to the relator's hospital at Bemidji. He did not however go to the hospital except to call for relator's local physician, who provided him with medicine, and claimant then proceeded to his home. Claimant also testified that the camp foreman knew of his injury and for that reason relieved him from the strain of heavy labor about the camp. The camp clerk and also the foreman, who claimant testified had notice of his injury, were both called as witnesses by relator, and each contradicted the testimony of plaintiff in this respect. They remembered that claimant was a laborer in the camp, but had no recollection of bandaging claimant's head, or otherwise treating him for an injury. The time books of the company were produced and they disclosed that claimant was at work during the several days subsequent to the injury, when he claims that he was laid up on account of his injury, and that he received wages covering that time. The claim for compensation under the statute was not made until the lapse of some 10 months after the injury. But claimant explained the delay to the effect that he did not know of or understand his rights under the compensation law. However, if relator had actual knowledge of the injury, no demand or further notice was necessary. State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838.

We have given the evidence careful consideration and reach the conclusion that the findings of the trial court cannot, within the rule guiding this court, be disturbed. We find in the record evidence reasonably tending to support the conclusion that claimant was injured while engaged in the work of his employment, that the injury so received has resulted in total disability, and that such disability existed at the time of the trial. We also find ample evidence to the effect that relator's camp clerk had actual knowledge of the injury at the time it was received by claimant, though it does not appear that he realized or understood the seriousness thereof. The evidence further shows that the camp clerk was in general charge of relator's affairs at this particular camp, and was charged with the duty of making a record of and reporting to the company any and all injuries received by workmen. This is conceded. Such being one of his duties it is clear that notice to him of the injury and actual knowledge thereof on his part would be knowledge on the part of the relator, and dispense with the necessity of giving the formal written notice provided

for by statute. The evidence upon this feature of the case is squarely conflicting, and not so palpably in favor of relator's contention that the camp clerk did not know of the injury as to justify interference by this court. It was a question of fact.

The trial court found that relator, through the camp clerk, had "actual notice" of the injury. The statute provides that "actual knowledge" of the injury will dispense with the necessity of formal notice. It is contended by counsel that there is a marked difference between actual knowledge and actual notice; that the latter may spring by presumption of law from notice of facts sufficient to put a person upon inquiry, and that such is not the "actual knowledge" the legislature intended as sufficient to dispense with formal notice of the injury. We may concur in this contention, but that does not require us to go further and hold that notice of that character was in the mind of the court when drafting the findings. The only notice here shown was notice in fact; there are no facts shown by the record to call for the rule of inquiry, and the court evidently intended to find actual knowledge. The findings should be so construed.

This covers all that we are required to say. The record perhaps bears some earmarks of suspicion in respect to the good faith of the claim. But the merits of the case were for the trial court. The learned judge below was in favorable position to determine the honesty of the claim, and the truthfulness of the witnesses, and we are not justified in overturning his conclusion.

Order affirmed.