BERTHA B. SIMMONS' CASE.

Kennebec.    Opinion March 13, 1918.

*Procedure on appeal from decision of commission.   Rule as to notice of employer.
General rule as to setting aside the findings of the commission upon questions
of fact.    Meaning of knowledge and notice under the statutes
relating to compensation.*

Under the provision of the Workmen's Compensation Act, R. S., Chap. 50, Sec. 20, declaring that "want of notice shall not be a bar to proceedings under this act, if it be shown that the employer or his agent had knowledge of the injury," the agents acquiring such knowledge are not limited, in case of corporations, to agents upon whom, by virtue of the preceding section, written notice of the injury may be served.

It being provided by section thirty-four of the Workmen's Compensation Act (R. S., Chap. 50, Sec. 34), that there shall be no appeal from a decree entered in equity, in accordance with an order or decision of the Industrial Accident Commission, from questions of fact found by the commission or its chairman, the only question presented upon appeal as to such questions is whether or not there was any evidence to support the finding.

Appeal from decree of single Justice sustaining the findings of the Industrial Accident Commission.   Bill dismissed with costs.

Case stated in opinion.

*Melvin H. Simmons,* for applicant.

*Emery and Waterhouse,* for respondents.

SITTING:   SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J.   The petitioner, Bertha B. Simmons, filed with the Industrial Accident Commission, pursuant to the provisions of the Workmen's Compensation Act, (R. S., Chap. 50, Secs. 1-48), her petition for compensation alleging among other things, that while employed by the Commonwealth Shoe and Leather Company in its stitching room and in discharge of the duties of her employment, she injured her thumb; that the wound became infected and that the

thumb in consequence had become totally useless. The petition also alleges that the employer had knowledge or notice of the injury.

The decision of the commission was filed April 5, 1917, and the decree of the Equity Court in accordance therewith was entered April 14, 1917. From this decree the insurance companies appeal.

The appellants make no objection to the form of the findings or decree, but contend that the commission erred (1) in holding that the employer, the petitioner having failed to give the written notice required by the act, had knowledge of the injury and (2) in finding total incapacity.

The commission finds as matters of fact that one Penwarden was foreman of the room in which petitioner was injured; that it was his duty to report all accidents to the office of the employer and that on the day of the accident, petitioner informed him of her injury. The evidence is uncontradicted that Penwarden, as foreman, had complete superintendence of the employees in the room and their work.

The decision of the commission does not, we think, carefully distinguish between findings of fact and rehearsals of evidence, nor between notice and knowledge. Knowledge is not the notice required by the statute. Oral notice is not the statutory notice and although the employer may obtain from the former, knowledge of the injury, it is not necessarily knowledge within the meaning of the statute. We conclude, however, that the decision contains sufficient to show that the commission finds that the foreman, Penwarden, had seasonable knowledge of the injury and that the discussion as to notice may be separated from such finding and treated as reflections by the way. See *Murphy's case*, 226 Mass., 60, 62, 63; See also *Diskon* v. *Bubb*, 88 N. J. L., 513, 515: 96 Atl., 660, and *Allen* v. *Millville*, 87 N. J. L., 356.

The appellants, however, urge that the foreman was not such agent as was intended by R. S., Chap. 50, Sec. 20, declaring that "want of notice shall not be a bar to proceedings under this act, if it be shown that the employer or his agent had knowledge of the injury," but that knowledge, within the meaning of this provision, can be had to be effective in case of a corporation, only by an agent upon whom, by virtue of the immediately preceding section, written notice can be served. "Such notice shall be served   *   *   *   if the employer is a corporation, upon any officer or agent upon whom process may be served." R. S., Chap. 50, Sec. 19. This section provides with great particularity how the written notice shall be served upon the various classes of

employers. But section 20 makes no attempt to particularize. The same expression—employer or his agent—is used in an earlier section—7—of the same chapter but it can hardly be contended that it there has the meaning which respondent would ascribe to it, and our interpretation is not without authority. In *Bloom's case*, under a statute not dissimilar, it is held that a foreman having duties substantially those of the foreman in the present case is an agent whose knowledge binds the principal. 222 Mass., 434, 436, 437. And so in *McLane's case*, 223 Mass., 342, 344; *Murphy's case*, 226 Mass., 60, 63, 64. An instructive case to like effect is *State Ex. rel. Crookston Lumber Co.* v. *District Court, etc.*, 132 Minn., 251; also *Reese* v. *Yale, etc., Co.*, 1 Conn., Comp., Dec. 154. The act is to be construed liberally and with a view to carrying out its general purpose. R. S., Chap. 50, Sec. 37. The Workmen's Compensation Act is a remedial statute and should be given a broad interpretation ''for the purpose of carrying out its manifest purpose.'' *Sullivan's case*, 218 Mass., 141, 143. *Panasuk's case*, 217 Mass., 589, 592. *Young's case*, 218 Mass., 346, 349.

Under the second ground upon which appellants seek to sustain their appeal, they address this question to the court, ''was there any evidence to sustain the finding that the incapacity for work resulting from the injury was total within the meaning of Section 14, chapter 50 of the Revised Statutes?''

The section of the statutes referred to by appellants provides that ''while the incapacity for work resulting from the injury is .total, the employer shall pay the injured employee a weekly compensation. . . .'' The act provides that the decree entered in accordance with the decision of the commission or its chairman by a Justice of the Supreme Judicial Court ''shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit in equity duly heard and determined by said Court, except there shall be no appeal therefrom upon questions of fact found by said Commission or its chairman or where the decree is based upon a memorandum of agreement approved by the commissioner. Upon any appeal therefrom the proceedings shall be the same as in appeals in equity procedure and the law court may, after consideration, reverse or modify any decree made by a justice, based upon an erroneous ruling or finding of law.'' R S., Chap. 50, Sec. 34. The only question of law, as the inquiry of the respondent implies, is whether or

not there was any evidence before the commission upon which the decision can rest. *Viele* v. *Curtis*, 116 Maine, 328; *Paul* v. *Frye*, 80 Maine, 26, 27; *Murphy* v. *Utah, etc., Co.*, 114 Maine, 184, 185. And under the similar act of Massachusetts it has been repeatedly held that the finding stands upon the same footing as the finding of a Judge or the verdict of a jury. It cannot be set aside if there is any evidence upon which it can rest. *Pigeon's case*, 216 Mass., 51, 52; *Herrick's case*, 217 Mass., 111, 112; *Miley's case*, 219 Mass., 136, 138; *Septimo's case*, 219 Mass., 430, 431.

The evidence regarding the degree of incapacity was the oral testimony of physicians and of the petitioner herself. It will not be profitable to review the evidence. It is sufficient to state that the court is of opinion that there was evidence upon which the decree of the commission can rest. See *Sullivan's case*, 218 Mass., 141, 142; *Duprey's case*, 219 Mass., 189, 193, 194.

The appeal therefore must be dismissed with costs to petitioner and it is so ordered.