(No. 12872.—Judgment affirmed.)

THE HYDROX CHEMICAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(TONY FRANCK-INA et al. Defendants in Error.)

*Opinion filed February 18, 1920—Rehearing denied April 7, 1920.*

1. WORKMEN'S COMPENSATION—*fact that injury to deceased employee arose out of and in course of employment need not be established by direct evidence.* While the burden rests upon the claimant to show by competent testimony not only the fact of the injury resulting in the death of an employee but that it occurred in connection with the employment of the deceased, such facts need not be established by eye-witnesses but may be shown by circumstantial evidence.

2. SAME—*when courts are bound by finding that injury arose out of and in course of employment.* Where there is evidence in the record that justifies the Industrial Commission in finding that an accident resulting in death arose out of and in the course of the employment of the deceased the courts are bound by such finding.

3. SAME—*actual notice of accident is sufficient.* Actual notice of an accident supplies any deficiency in the notice required by section 24 of the Compensation act if it is within the time prescribed and is to the principal, vice-principal or agent.

4. SAME—*when an employee of a chemical company is engaged in extra-hazardous business.* A chemical company which manufactures hydrogen peroxide and uses electric power-driven machinery is engaged in an extra-hazardous business within the classification in section 3 of the Compensation act, and an employee whose duties are to fill bottles with the manufactured article and make himself generally useful about the factory has a part in the extra-hazardous employment.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and HENRY JACKSON DARBY, of counsel,) for plaintiff in error.

J. A. ARKIN, for defendants in error.

.Mr. JUSTICE CARTER delivered the opinion of the court:

An application for compensation for the death of Lawrence Franckina was made against the plaintiff in error company before the Industrial Commission of this State on the ground that deceased died as a result of being cut on a "piece of glass bottle" while employed by said company. After a partial hearing before an arbitrator a settlement of $300 was agreed upon. This settlement was not approved by the Industrial Commission and additional evidence was heard before the arbitrator, who made an award of five dollars a week for 416 weeks, and in addition an amount for medical, surgical and hospital services. The Industrial Commission on review affirmed the decision of the arbitrator. This award was affirmed by the circuit court of Cook county, and the cause was certified by that court as one proper to be reviewed here.

The factory of plaintiff in error occupies two floors of a building at 227 West Huron street, Chicago, where the company is engaged in the manufacture of hydrogen peroxide and other chemical preparations. In their manufacture it uses mixing tanks with churns inside, run by an electric motor attached to the ceiling, the connecting belt running to the inside of the tank. The filtering process in the manufacture was on the upper floor, and on the floor below were located mechanically-operated bottle-washers and an endless belt running slowly as a carrier for the bottles and jars. The work of the deceased was to fill bottles and barrels with peroxide and toilet creams manufactured by plaintiff in error. The testimony shows that he was an all-around man about the plant, helping the shipping clerk in piling bottles as well as filling them, and that he used a hose for filling the bottles. E. J. Buerk, manager of the factory, testified that when he came down in the morning about July 14, 1917, Franckina was waiting for him at the factory and told him that he was not feeling well,—

that he had his arm hurt,—but he did not tell him where or how he had hurt it or make any further statement except to ask if he could go home, which was permitted. Mrs. E. L. Schwartz, the forelady of the bottling department, under whose direction deceased was then working, testified that about July 1, 1917, Franckina came to her in the factory and showed her his right hand, which was cut, but on account of the blood streaming down she could not say where the cut was. She testified that he said he hurt it "back there," without indicating precisely where; that it was "on the table back there" in the plant; that she told him he ought to have it attended to, and she thought he went to have it dressed. The evidence tends to show that deceased worked at the plant after this time and certain witnesses saw him with his hand bandaged. One of the witnesses saw him the morning he was going home and testified that he was then sick and pale. Dr. A. L. Duplantis treated him at his office for a cut on the index finger of his right hand but was not sure of the time. He thought it was some time in June, but stated he could not tell without seeing his record, and that he could not find the record. He stated further that there were signs of a slight infection in the wound when he treated it. Dr. Henry Houston testified that he treated Franckina, but could not fix positively the time, for septic infection in the arm and shoulder. Franckina's death occurred on July 17, 1917. Dr. E. H. Hatton, coroner's physician, made a post-mortem examination, and testified to finding a dark, prominent, large swelling involving the upper half of the right forearm, extending up into the region of the neck. The testimony of these physicians is to the effect that he died from septic poisoning.

Counsel for plaintiff in error strenuously argue that there is no evidence in the record that deceased suffered from any accident arising out of and in the course of his employment. This court has said more than once that the

burden rests upon the claimant to show by competent testimony not only the fact of the injury but that it occurred in connection with the employment of the deceased; to furnish evidence from which the inference can be logically drawn that the injury arose out of and in the course of his employment; that the proof must be based on something more than mere guess or conjecture; that the proof of such facts may be established by circumstantial as well as by direct evidence, and the greater or less probability, leading on the whole to a satisfactory conclusion, is all that can reasonably be required to establish controverted facts. (*Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill. 96; *Mechanics Furniture Co.* v. *Industrial Board,* 281 id. 530; *Smith-Lohr Coal Co.* v. *Industrial Com.* 286 id. 34.) It is not necessary, under these authorities, that there should be eye-witnesses to the accident. We think there is evidence in the record that justified the Industrial Board in finding that the accident arose out of and in the course of the employment of the deceased. This being so, the courts are bound by the finding of said board on this question.

Counsel also argue that no notice of the accident was given within the time provided by section 24 of the Workmen's Compensation act. That section provides, among other things, as follows: "That the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise." The record shows, without contradiction, that the forelady of the department in which Franckina worked knew that his hand was hurt, and it is also manifest from her testimony that she understood it had been hurt in the factory while the deceased was engaged in his work for plaintiff in error. Actual notice supplies any deficiency in the notice if it is within the time pre-

scribed and is to the principal, vice-principal or agent. Under the reasoning of this court in *Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498, and *Wabash Railway Co.* v. *Industrial Com.* 286 id. 194, the knowledge of the forelady must be held to be notice to plaintiff in error. Moreover, the record shows that a written notice was served on plaintiff in error not later than July 28, 1917. Under the evidence in the record we think the Industrial Board was justified in holding that this notice was within thirty days of the accident. The facts in this case on this point plainly distinguish it from the case of *Bushnell* v. *Industrial Board,* 276 Ill. 262, relied on by counsel for plaintiff in error.

Counsel also argue that Franckina was not engaged in an extra-hazardous employment, especially in that part of plaintiff in error's business in which he was working. The evidence shows, without contradiction, by the testimony of the manager of plaintiff in error, that the deceased was a handy-man, working in all parts of the business, and that the factory used electric power-driven machinery. This court has held that it is frequently a question of fact whether a business is extra-hazardous. (*Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316; *Cinofsky & Co.* v. *Industrial Com.* 290 Ill. 521.) We cannot agree with the argument of counsel for plaintiff in error that the employment of the deceased was not a part of plaintiff in error's business or occupation in manufacturing peroxide. The manufacturing business of plaintiff in error, as shown by the evidence, brought it clearly within the classification of section 3 of the Workmen's Compensation act as to extra-hazardous employment.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*