BURKE *v.* MICHIGAN STAMPING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE
   TO EMPLOYER OF EMPLOYEE'S INJURY.
   Where an injured employee, about a month after receiv-
   ing his injury, reported it to the employer's employment
   manager, who was also in charge of first aid, who ad-
   vised him to consult employer's physician, which he did,
   and received treatment, such notice was notice to the
   employer, under the provisions of 2 Comp. Laws 1915,
   §§ 5445-5448, requiring notice to be given the employer
   within three months after the happening of the injury.

2. SAME—FINDING OF FACT CONCLUSIVE.
   On certiorari to review an award, a decision by the depart-
   ment of labor and industry of an issue of fact in favor of
   the employee is conclusive.

Certiorari to Department of Labor and Industry.
Submitted June 13, 1923.    (Docket No. 22.)    De-
cided July 19, 1923.

Frank M. Burke presented his claim for compen-
sation against the Michigan Stamping Company for an
accidental injury in defendant's employ.    From an
order awarding compensation, defendant and the
General Accident, Fire & Life Assurance Corporation,
insurer, bring certiorari.    Affirmed.

*Kerr, Lacey & Scroggie,* for appellants.

*Herbert Murray (Albert E. Meder,* of counsel), for
appellee.

SHARPE, J.    The defendants by certiorari review
an award in favor of plaintiff, made by the depart-
ment of labor and industry.    The record contains
proof:

(1) That Frank Burke, an employee of the defendant stamping company, was injured on September 17, 1920, by a pile of sheet metal falling on his right leg.

(2) That in about a month he reported his condition to Thomas Lewis, the employment manager and man in charge of first aid of the defendant stamping company, and was advised to consult Dr. Condit, the physician for the defendant insurance company.

(3) That he was treated by Dr. Condit and other surgeons until February 19, 1922, when he died.

But one question is presented. Was notice to Mr. Lewis and to Dr. Condit notice of the injury to the stamping company under the provisions of the act?

Section 15, part 2, of the act (2 Comp. Laws 1915, § 5445), provides that no proceedings for compensation shall be maintained "unless a notice of the injury shall have been given to the employer within three months after the happening thereof." Section 16 (§ 5446) provides that such notice shall be in writing, signed by the person injured or some one in his behalf. Section 17 (§ 5447) provides for the manner of service. . Section 18 (§ 5448) contains the following:

"Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

Defendant's employment manager, who was also charged with the duty of administering first aid to injured employees, admitted that deceased came to him for first aid but testified that he then complained of a strain in the muscles of his back. An issue of fact was thus presented. The finding of the board in plaintiff's favor is conclusive. We can but give effect to the legislative intent as evidenced by the language of this provision. The notice given to and knowledge acquired by Mr. Lewis were sufficient to charge the defendant.

In *Purdy* v. *City of Sault Ste. Marie,* 188 Mich. 573 (Ann. Cas. 1917D, 881), it was held that notice to the superintendent of public works of the city, who had hired plaintiff, and communicated by him to the members of the board of public works, was notice to the city.

In *Shafer* v. *Parke, Davis & Co.,* 192 Mich. 577, notice to defendant's superintendent on the farm on which plaintiff was working was held to be notice to the company.

The award is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.