(No. 5968.   May 24, 1933.)

IRENE PAGE, Respondent, v. STATE INSURANCE FUND and IDAHO FALLS L. D. S. HOSPITAL, a Corporation, Appellants.

[22 Pac. (2d) 681.]

J. A. Carver, for Appellants.

Chas. W. Sandles, for Respondent.

BUDGE, C. J.—This is an appeal from a judgment of the district court affirming an order of the Industrial Accident Board awarding respondent compensation on account of injuries sustained by her on December 4, 1931, arising out of and in the course of her employment with appellant Idaho Falls L. D. S. Hospital.

The following material facts are disclosed by the evidence and are substantially as found by the Industrial Accident Board and affirmed by the district court: Respondent was employed by said hospital as a housemaid in the nurses' quarters. On December 4, 1931, respondent, while so employed, and while attempting to move a table through a doorway, struck her right groin against a corner of said table, and immediately suffered severe pains in her groin and became nauseated and sick; that a swelling immediately appeared in her groin; that after vomiting and resting about fifteen minutes she resumed her work of dusting and sweeping the rooms in said nurses' quarters but was unable, by reason of the injury, to mop the floors or do other heavy work; that shortly after sustaining the injury respondent informed a co-worker thereof and on the following day notified Mrs. Agnes West, the matron in charge of said nurses' quarters, of such accident and injury; that on December 6, 1931, respondent was unable to work and remained in bed, and on account of such injuries was unable to work on three days between December 6th and December 23d; that on December 23d respondent was laid off from her employment as there was no work for her to do; that during most of the month of January, 1932, she was confined to her bed by reason of her condition due to said accident, and on February 7, 1932, consulted a physician who found she then had a direct inguinal hernia in the right groin, and furnished respondent with a truss; that on February 23, 1932, respondent made a claim in writing for compensation

and filed the same with the Industrial Accident Board on March 12, 1932. The board also found that such hernia was the result of the accident on December 4, 1931; that such hernia did not exist in any degree prior to the accident, and that the same was reported to the employer within thirty days after the accident; and that by reason of said hernia respondent was totally disabled for work from February 7, 1932, until the hearing on June 17, 1932, and was still totally disabled for work, and awarded compensation. Upon appeal the district court, by its judgment, affirmed the findings, rulings of law and award made by the Industrial Accident Board, from which judgment this appeal is taken.

Appellants assert that the evidence is insufficient to support the finding, rulings of law and justify the award in that the evidence fails to prove (1) that the hernia was the result of the accident; (2) that the hernia appeared immediately following the alleged accident; and (3) that the hernia did not exist in any degree prior to the alleged accident.

Respondent testified that immediately after the accident she was sick and nauseated and could not work for the pain she suffered by reason of the injury; that prior to the injury she had no pain in the right groin; that a lump immediately appeared, which was felt by a co-worker; that she was compelled to quit work for three days on account of the pain, and stayed in bed for that reason most of January; that her right groin has been sore constantly since the accident; and when she consulted her physician she had no difficulty in remembering the cause of the injury. It was stipulated that a Mrs. Robinson would testify, if present, that she observed respondent's body before, on and after December 4, 1931, and that on and after that date there was a lump on her right groin which had not been there previously. The attending physician testified that at the time of hearing before the board respondent had a lump larger than an orange in her abdomen; that on February 7, 1932, he diagnosed her injury as a direct inguinal hernia, in a different position to the usual type of hernia, not con-

genital, and likely caused by a traumatism; that he fitted her with a truss and advised an operation; that she consulted him in October, 1931, for another ailment but made no mention of the rupture.

From the foregoing and other uncontradicted testimony and inferences to be drawn therefrom, we are convinced that there is sufficient competent evidence to support the findings, rulings of law and award complained of. As to sufficiency of evidence of immediate appearance of hernia following the injury and its nonexistence in any degree prior thereto, see *In re Hillhouse*, 46 Ida. 730, 271 Pac. 459.

It is also contended that the evidence fails to prove (a) that the hernia was reported to the employer within thirty days after the accident; (b) that any notice, written or otherwise, was given to the employer as required by the Workmen's Compensation Act; and (c) that the employer, its agent or representative, had knowledge of the accident or injury until more than sixty days following the accident.

I. C. A., sec. 43–1116, provides that:

"In all cases of hernia resulting from injury by accident alleged to have been sustained in the course of and resulting from the employee's employment it must be proved . . . .

"4. That the hernia was reported to the employer within thirty days after the accident."

In this connection it must be noted that the above section contains no provision that such report shall be in writing. Respondent testified that she did not know that she was suffering from hernia until so advised by her physician on February 7, 1932. The evidence conclusively shows, as hereinafter pointed out, that the employer had actual knowledge through its agent of the accident and injury and respondent's condition the day following the accident, although respondent did not specifically state, in so many words, that as a result of the accident she was suffering from hernia. The reason she did not so state was that she did not know at that time nor until she was so informed by her physician. She gave the agent or representative of her

employer all of the information concerning her injury. Notice of a physical injury carries with it notice of all things which may be reasonably anticipated to result from it. (*Bates & Rogers Const. Co. v. Emmons*, 205 Ky. 21, 265 S. W. 447, 448.) The requirement of the report necessarily implies knowledge of the injury for which claim is made. It was impossible in this case for respondent to report to the employer that the injury from which she was suffering was known as hernia until she knew that such injuries were so denominated, and this she first learned from her physician, on February 7, who diagnosed it as such. She reported the accident and her physical condition to the agent of the employer the day following the accident. Such condition was afterwards diagnosed as hernia. The employer was possessed of the same knowledge as respondent and was in a position to make a diagnosis as well as respondent was, and the mere fact that she had not reported the hernia, by so designating it, when in truth and in fact it was such, does not justify refusing compensation on that ground.

It is not contended that the written notice required by I.' C. A., secs. 43–1202, 43–1203 and 43–1204, was given within the time required by those sections, but respondent contends and relies upon the fact that it was shown that the agent or representative of the employer had actual knowledge of the accident and injury within the scope of I. C. A., sec. 43–1205, which excused her failure to file the written notice within the statutory time. That section reads in part as follows:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, . . . . ''

Respondent contends that Mrs. Agnes West, an agent or representative of the employer, had knowledge of the accident on December 5, 1931, the day after it happened, while appellants take the position that Mrs. West was not an agent or representative of the employer within the mean-

ing of the foregoing section. The evidence is uncontra-
dicted that respondent reported the accident and injury to
Mrs. West on December 5, 1931. The bookkeeper for appel-
lant hospital, called as a witness by appellants, testified
that Mrs. West was the matron at the hospital, more or less
general housekeeper and took care of the nurses and acted
as general adviser and mother; had general supervision of
the nurses' quarters; hired and discharged the help, subject
to the approval of the superintendent; kept the time and
had charge of the other maids in the hospital, and had
supervision of the housekeeping. Respondent, in her testi-
mony, referred to Mrs. West as the matron and testified that
she took her orders from her.

We are thus called upon to determine whether
Mrs. West was an agent or representative of appellant hos-
pital within the meaning of I. C. A., sec. 43–1205, *supra*.
In *Van Treeck v. Travelers Ins. Co.*, 157 Ga. 204, 121 S. E.
215, 217, in construing a similar statute, where the employee
reported an injury "to his immediate superior, the fore-
man in charge of" the special work in which the employee
was engaged, and also later to the head foreman in charge
of the factory, the court said:

"The Workmen's Compensation Act of 1920 (Acts 1920,
p. 167), two sections of which are set out above, is a
remedial statute and must be liberally construed. The
words 'agent or representative' in section 23, in the lan-
guage 'unless it can be shown that the employer, his agent
or representative, had knowledge of the accident' are to be
given a broad signification for the purpose of carrying out
its manifest purpose. This view is borne out by at least
two other courts in outside jurisdictions, in well considered
cases. In *Simmons' Case*, 117 Me. 175, 103 Atl. 68 (2), it
was held:

"'A foreman, in full charge of the employees in a room
is an "agent" within Rev. St. c. 50, § 30, whose knowledge
of an accident makes written notice by servant unnecessary.'

"*In re Murphy*, decided by the Supreme Court of

Massachusetts, 226 Mass. 60, 63, 115 N. E. 40, 41, it was said:

" 'It is also contended by the insurer that Reardon, the foreman, whom the plaintiff informed of his injury, was not an agent authorized to receive such information. Reardon was the foreman in the defendant's construction department. Murphy worked under him and received orders and instructions from him. The proper management of the employee's work was in the care of Reardon, who represented the employer; for this purpose he was its agent, and his knowledge was the knowledge of the defendant'; citing *Bloom's Case,* 222 Mass. 434, 111 N. E. 45; *McLean's Case,* 223 Mass. 342, 111 N. E. 783; *Carroll's Case,* 225 Mass. 203, 114 N. E. 285."

In *Franks v. Carpenter,* 192 Iowa, 1398, 186 N. W. 647, 649, the term "representative" as used in a similar statute was defined by the court in the following language:

"No formal notice was necessary in this case if Hudson was the representative of Carpenter within the meaning of the statute. The term has not been given legislative definition. In the sense that a representative is one who represents another, stands in his place or stead, or acts for him in the capacity of a foreman, Hudson was the representative of Carpenter. As foreman he was such a representative as that it was his duty to at once report the fact that Franks (employee) met his death while employed upon the sewer in question, and of the circumstances surrounding the occurrence, . . . . We are of the opinion that, notwithstanding he was in charge of the employment of the men working on the sewer and directed the manner in which the work should be done, he did not do this as an independent contractor, but as the foreman and representative of the appellant. Therefore, the actual knowledge of Hudson superseded the necessity of notice."

It is also said in *Bates & Rogers Const. Co. v. Allen,* 183 Ky. 815, 210 S. W. 467:

"We think the evidence is sufficient to show that 'Tom' was, within the meaning of the statute, the agent or repre-

sentative of the Bates and Rogers Construction Company; there being no contradiction upon this point of the evidence of Allen, who says that 'Tom' was the man in charge of him, representing the Bates and Rogers Construction Company as their foreman; and a 'foreman' or 'boss' in charge of a crew or gang of men is an agent or representative of the employer, and his knowledge of the injury has the same effect as if the employer in person had knowledge of it. *Fell's Case*, 226 Mass. 380, 115 N. E. 430; *In re Simmons*, (1918) 117 Me. 175, 103 Atl. 68; *Hornbrook-Price Co. v. Stewart*, (1918) 66 Ind. App. 400, 118 N. E. 315; *Joliet Motor Co. v. Industrial Board*, 280 Ill. 148, 117 N. E. 423; *R. F. Conway Co. v. Industrial Board*, 282 Ill. 313, 118 N. E. 705; *State ex rel. Crookston Lumber Co. v. District Court of Pennington County*, 132 Minn. 251, 156 N. W. 278; *In re Bloom*, 222 Mass. 434, 111 N. E. 45; *Pellett v. Industrial Commission*, 162 Wis. 596, 156 N. W. 956, Ann. Cas. 1917D, 884; *Parker-Washington Co. v. Industrial Board*, 274 Ill. 498, 113 N. E. 976; *In re Murphy* and *In re American Mutual Liability Ins. Co.*, 226 Mass. 60, 115 N. E. 40.''

Knowledge of the following persons, as agents or representatives, under similar statutes, has been held to obviate the necessity for written notice: Lady in charge of department, nurse in medical room and division superintendent in charge of employees on floor (*Marshall-Field & Co. v. Industrial Commission*, 305 Ill. 134, 137 N. E. 121); general agent and superintendent who employed and directed employees' work (*Bergeron's Case*, 243 Mass. 366, 137 N. E. 739); room foreman or overseer (*Marchavich's Case*, 123 Me. 495, 124 Atl. 209); foreman or boss (*Lachance's Case*, 121 Me. 506, 118 Atl. 370); employment manager (*Burke v. Michigan Stamping Co.*, 223 Mich. 495, 194 N. W. 408); foreman in full charge of employees in a room (*Simmons' Case*, 117 Me. 175, 103 Atl. 68); assistant mining foreman and immediate superior of employee (*Kingston-Pocahontas Coal Co. v. Maynard*, 209 Ky. 431, 273 S. W. 34); ''foreman under whose direct and immediate supervision appellee (employee) worked from day to day'' and factory superintendent

(*Hornbrook-Price Co. v. Stewart,* 66 Ind. App. 400, 118 N. E. 315); forelady of department in which employee worked (*Hydrox Chemical Co. v. Industrial Commission,* 291 Ill. 579, 126 N. E. 564); foreman or superintendent of railroad shops (*Wabash Ry. Co. v. Industrial Commission,* 286 Ill. 194, 121 N. E. 569); and camp clerk (*State ex rel. Crookstown Lumber Co. v. District Court,* 132 Minn. 251, 156 N. W. 278).

In view of the foregoing authorities and under the well-established rule that the Workmen's Compensation Law is to be liberally construed with a view to effect its objects and promote justice (*Cooper v. Independent Transfer & Storage Co.,* 52 Ida. 747, 19 Pac. (2d) 1057, and cases therein cited), we are of the opinion that Mrs. Agnes West was an agent or representative of appellant hospital within the meaning of I. C. A., sec. 43–1205, and that it was sufficiently shown that she had knowledge of the accident and injury within the time respondent was required to report under the provisions of I. C. A., sec. 43–1116, and within the time she was required to give the written notice required by I. C. A., secs. 43–1202, 43–1203 and 43–1204 (*Cooper v. Independent Transfer & Storage Co., supra*), and failure to give such written notice within such time was, therefore, not a bar to these proceedings.

The judgment is affirmed.   Costs awarded to respondent.

Givens, Holden and Wernette, JJ., concur.

Morgan, J., dissents.

Petition for rehearing denied.