(No. 23379.—

THE GRAY KNOX MARBLE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN KERWIN, Defendant in Error.)

*Opinion filed April 24, 1936.*

ANGERSTEIN, PIGGOTT & ANGERSTEIN, for plaintiff in error.

JOSEPH W. KOUCKY, for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

This case involves an award by an arbitrator to defendant in error, John Kerwin, on account of an injury to his arm, alleged to have been sustained while in the employ of the plaintiff in error, herein called the company. The arbitrator found that proper notice of the injury had been given to and demand for compensation made on the company within the time required by the act, and that the employee was entitled to compensation for temporary disability, for medical services and for the loss of use of one-third of his left arm. On appeal to the Industrial Commission, at which much additional testimony was received, a finding was made by it that Kerwin did sustain an accidental injury on January 30, 1931, which arose out of and in the course of his employment, but that proper notice thereof was not given under section 24 of the Workmen's Compensation act. On *certiorari* the circuit court held the notice given by Kerwin under section 24 was in compliance with the statute, vacated the decision of the commission, remanded the cause to hear such evidence as either party might offer on any of the questions involved except the question of "notice of accident," and to make such decision as might not be inconsistent with the remandment order. The commission thereupon, after a further hearing, found that notice of the accident was given as re-

quired and confirmed the original award. The circuit court on *certiorari* confirmed the award of the commission made under the order of remandment, and the cause is now before us for review on writ of error.

The solution of the questions before us for review may be resolved by the answer to one controverted issue: Was Albertini, to whom it is alleged notice of the injury was given, a vice-principal within the terms of section 24 of the Compensation act? Section 24 of the Compensation act provides that no proceeding for compensation under the act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident. Ill. State Bar Stat. 1935, chap. 48, par. 224, p. 1603.

The evidence shows that on Saturday, January 30, 1931, Kerwin, with the help of other men, was distributing marble in the Merchandise Mart building, in Chicago, as an employee of petitioner, and that his usual and customary work was carrying marble. These marble carriers customarily worked in gangs of three, usually called "chain gangs." Between 2:00 and 3:00 o'clock that afternoon Kerwin was carrying the rear end and Ed Donegan and Frank Albertini were carrying the front end of a marble slab weighing from 400 to 500 pounds. According to the testimony of Kerwin, in going through a narrow opening in a brick wall the slab bumped against the brick and he felt something tear in his shoulder. A dull pain set in, which got worse, but he continued with his work until quitting time, at 4:30 P. M., at which time his job in the building was finished. No one other than Kerwin testified to the bumping of the marble. He further testified that after the accident he told Albertini he had hurt his shoulder with the marble about an hour before but that Albertini made no reply; that on the following Friday he went back to see the foreman, Peter Zini, to get his pay check; that he saw Albertini and told him to climb on the platform and

get witness' check, giving as the reason that he was unable to get up, and on being asked the reason by Albertini, told him that his arm had been hurt with the marble, and that Albertini then procured his check.

Albertini did not testify before the arbitrator but on review before the commission denied knowing that Kerwin had hurt his shoulder. It is not claimed by Kerwin that he gave any notice to the company or any foreman or officer thereof, except as above related, until April 10, 1931, more than two months after the alleged accident happened; nor does it appear from the evidence that the company had any knowledge of the injury unless the notice to Albertini be imputed to the company, until on April 9 Kerwin's son went to Zini and informed him that his father was complaining about his shoulder, and Zini then asked him to have his father call the next day, which he did. Kerwin asserts, however, that Albertini was a "straw boss" under the foreman, Zini, and therefore notice to Albertini was a sufficient compliance with section 24 of the act as a notice to a vice-principal. The testimony of Kerwin was that Albertini got his orders for the work to be performed from Zini, and he in turn gave them to Kerwin and the other helper, Donegan.

Michael Kerwin, son of the defendant in error, had worked for the company on different marble jobs and on this same job at the Merchandise Mart in one of the so-called chain gangs the preceding fall and knew Albertini, and said Zini, on at least three occasions he remembered, had instructed Albertini to take certain marble to such a floor and to take certain men with him to distribute it; that Albertini would not tell them how to do it but would tell them where to distribute it; that Albertini was what was known as a helper for Zini, who was a "setter," and that it was customary for the helper to act as a straw boss over the assistant helpers when carrying marble. On the other hand, Albertini stoutly maintained that he was not

a straw boss and had never directed the work; that the foreman, Zini, in giving orders had given them to entire chain gangs and not to him alone, and said he was merely an employee of the same class and rank and had no more authority than the other laborers. Zini testified that he had never given orders to Albertini to be carried out; that Albertini had no more authority than the others in the gang, and that he, Zini, had always given the only orders ever given to any of them. Both Albertini and Zini testified that Albertini had no authority to hire or discharge employees, and no evidence was shown to the contrary.

Padvoni, superintendent of the company, said he was the next superior above the company's foreman; that Zini was the working foreman, with a gang of eight men, on the Merchandise Mart job; that he had no assistant foreman, and no one other than he and Zini had authority over the other men; that the company had only the eight men on the job at that time; that the foreman always marked the marble showing to which floor it was to go and the laborers took it and distributed it there; that Zini, who was the foreman, was the man to whom injuries were .to be reported, and he was furnished with slips to be used in sending the injured to the company doctor; that, other than Zini, only he and Rocco, the office manager, had authority to report accidents.

Rocco testified to lack of any knowledge of the accident prior to April 9, and further said that none of them ever appointed any worker as straw boss, sub-foreman or assistant foreman on that job; that he was present when Kerwin called at the company office on April 10 and at that time asked him why he had not reported the accident before; that Kerwin replied he thought it did not amount to anything, and did not then claim he had reported the accident to anyone previously. Peters, who had worked in a gang with Kerwin and Donegan at one time, knew Albertini, and testified that the workmen always got their

orders from the foreman, Zini, and witness knew Albertini was never boss.

The evidence further shows that Albertini was receiving the same rate of pay as Kerwin and Donegan. James McLaughlin, the business agent of the Marble Setters Helpers Union, of which Kerwin and Albertini were members, said he visited the workers on the Merchandise Mart job several times; that he did not know what Albertini was doing on the day in question, but said chain gang foremen get more salary than a regular helper. The record further reveals that Kerwin fractured his left arm about sixteen years prior to the accident, and about 1926 slipped on ice and injured his left shoulder, which a doctor treated that night; that he had collected compensation from a company in Chicago about three years before for breaking his finger, had received compensation for a broken wrist in New York for five months, and had had two other injuries in Chicago, when he was treated by company doctors. The evidence here is that he treated himself for the present injury by rubbing alcohol on his shoulder for a week, then had the flu for two weeks, and on February 26 went to a physician whom friends recommended and later saw others, but while from previous experience in compensation cases he said he knew he was entitled to free medical service, he did not until April 10 give notice, either written or oral, to any foreman of the company except these stated remarks to Albertini, who he claims was a straw boss. The burden of proof was on Kerwin to establish a right to compensation, including proof of the accidental injury alleged, that the disability claimed was due to the alleged accident, and that notice thereof was given as required by section 24. *Liquid Carbonic Co.* v. *Industrial Com.* 352 Ill. 405; *Nelson* v. *Industrial Com.* 346 id. 82; *Green* v. *Industrial Com.* 337 id. 514; *Simpson Co.* v. *Industrial Com.* id. 454.

Kerwin asserts that the statement by a claimant to his foreman, assistant foreman or agent of the employer within

the specified thirty days' period is a sufficient notice under section 24, and in support thereof cites *Savin* v. *Industrial Com.* 342 Ill. 41, *Raymond* v. *Industrial Com.* 354 id. 586, *Simpson Co.* v. *Industrial Com. supra, Hydrox Chemical Co.* v. *Industrial Com.* 291 Ill. 579, and *Chicago Rawhide Co.* v. *Industrial Com.* id. 616. In each of those cases it was established that notice had been given within the statutory period, either to the employer or his recognized foreman or an officer of the employer company. Here it is charged notice was given to Albertini as a vice-principal, but his rank, and authority to receive such notice, as well as the fact that he did receive such notice, are directly denied by Albertini himself, and his rank as a vice-principal or agent is likewise denied by his superiors and a fellow-worker. It is to be borne in mind that there were only eight men employed on this job, and it is not denied that Zini was the foreman.

We have repeatedly said we will not disturb a finding of fact made by the Industrial Commission unless such finding is manifestly against the weight of the evidence. Here, however, in the hearing on appeal from the arbitrator, the Industrial Commission expressly determined that notice of the accident was not given within the time required under the provisions of the act and set aside the award by the arbitrator. The subsequent finding of the commission that proper notice was given was in compliance with the remanding order of the circuit court, which the commission was bound to follow. However, we are not bound by such directions and may determine the question of law and fact according to our own judgment. *Yellow Cab Co.* v. *Industrial Com.* 333 Ill. 49; *Raffaelle* v. *Industrial Com.* 326 id. 166.

After a careful review of the evidence we are constrained to hold that it was not established by the weight of the evidence that Albertini was an agent or vice-principal authorized to receive notice of the injury in question.

It necessarily follows that Kerwin has failed to establish his right to an award of compensation.

The judgment of the circuit court of Cook county confirming the award to Kerwin is reversed.

*Judgment reversed.*