## INDIAN CREEK COAL AND MINING COMPANY *v.* BEACH.

[No. 10,734. Filed June 22, 1920.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Notice of Injury.—Bookkeeper's Knowledge of Injury.*—The fact that an employe, in the course of a conversation, informed his employer's bookkeeper that he had been injured did not dispense with the necessity of giving the employer, a mining corporation, the notice of injury required by §22 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), which notice, under §23 of the act, must be given personally to the employer or to any of his agents upon whom a summons in a civil action may be served.

From the Industrial Board of Indiana.

Proceeding for compensation under the Workmen's Compensation Act by Cora Beach against the Indian Creek Coal and Mining Company. From an award for applicant, the defendant appeals. *Reversed.*

*Charles E. Henderson* and *James L. Murray,* for appellant.

*John A. Riddle,* for appellee.

ENLOE, P. J.—One Paris H. Beach was, November 29, 1917, an employe of the appellant company, and it is claimed that on said date he received an injury by being struck in the pit of the stomach, while engaged at his work, by a "jack pipe," which then and there fell. On July 5, 1919, said Paris H. Beach filed an application before the Industrial Board for the adjustment of his claim for compensation for said alleged injury. The case was first heard by one member of the board, but before an award was made said Paris H. Beach died of cancer of the stomach. Thereafter by agreement of the parties, his widow, Cora Beach, was substituted as a party to the action. The one member of the board who heard said cause made an award allowing the appellee compensation at $13.20 per week for 300 weeks and burial expenses not exceeding $100. Application was duly made for the review of such award by the full Industrial Board, which application was granted and such review had.

Upon review by the full board, said board by a majority of its members made the following finding: "* * * and the full Board having heard the argument of counsel, having reviewed the original evidence, and being fully advised in the premises finds, by a majority of its members that on the 29th day of November, 1917, one Paris H. Beach was in the employment of the defendant at an average weekly wage in excess of twenty-four dollars; that on said date he received a personal injury by an accident arising out of and in the course of said employment, which resulted in his death on the 24th day of July, 1919. That the defendant had actual knowledge of the injury to the said Paris H. Beach on the first or second day after it occurred and had actual knowledge of his death immediately after it occurred. That the said Paris H. Beach left as his sole and only dependent, the plaintiff Cora Beach, his wife,

with whom he was living at the time of his injury and death." Upon which finding by a majority of its members, it, by a majority of its members, made the same award heretofore stated. From this award this appeal is prosecuted, and the appellant alleges that "the award of the full Industrial Board of Indiana is contrary to law."

The appellant contends that the award is contrary to law for the reason "that the uncontradicted evidence shows that no notice of any accident or injury to the deceased was given to his employer, and that his employer had no knowledge of the same within the time required by the statute."

Section 22 of the Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), provides: "Every injured employe or his representative shall immediately upon the occurrence of an injury or as soon thereafter as practicable give or cause to be given to the employer written notice of the injury and the employe shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this act, prior to the giving of such notice: unless it can be shown that the employer, his agent or representative had knowledge of the injury or death, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person, or for equally good reason: but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the injury or death, unless reasonable excuse is made to the satisfaction of the Industrial Board for not giving such notice."

In this case there is no claim that any written notice was given, nor are any of the reasons mentioned in said section for not giving such written notice offered in this case save and except the first only, to wit, "that

the appellant had actual knowledge of the said alleged injury on the first or second day after the same occurred," and that therefore, under said section of the statute, no notice was required.

The Industrial Board found, in accordance with the claim of the appellee, that the appellant had such actual knowledge, and the question which we have to consider is, Is there any evidence in the record to support said finding? If there is, this award must be affirmed; otherwise reversed. The deceased in his said application for compensation had alleged that the appellant had actual knowledge of said injury, and at the hearing there was an attempt to establish this fact. The deceased in his testimony given before the one member of the Industrial Board had testified, so far as material to the point now under consideration: "Mr. Blakely was with me. * * * It knocked the breath out of me and Mr. Blakely carried me back, but I went back to work in a couple or three hours. * * * After my injury and at the time no representative of the mine nor any of the bosses knew anything of it unless some one told them. I did not tell them. * * * William McQuade was the superintendent at the time. I did not talk to him about it. * * * I did not talk to anyone except some of the men. I do not know which ones. * * * I think Mr. Gray is the only one I told about getting hit. * * * I never gave the mine any other kind of notice or take any thought about it. * * * I never sent regular word to my boss. * * * I told Mr. Gray about getting hit in the stomach the night following. * * * I think he asked me why I was not at work. * * * I do not remember that I told Mr. Gray to tell them I was sick. * * * At the time the jack pipe blew off. I told Ed Gray, the bookkeeper, about it when I came home. He lived right here. * * * I

talked to Jack or Pat or Bill (McQuade) I don't know which one."

From the foregoing it conclusively appears that the knowledge, which it was necessary for appellant to have, which would excuse the giving of the notice required by the statute, must rest, if at all, upon the conversation had, as testified to between the deceased, Paris H. Beach, and Ed Gray, one of the bookkeepers at appellant's mine. Was notice to Ed Gray a sufficient notice to bind appellant in the matter of its having knowledge?

The statute then in force concerning the giving of notice (§23 of said act) provided: "Said notice shall be given personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of this state. * * *" It will not be contended that a summons served on Ed Gray, as one of the bookkeepers, at his home, at the time and under the circumstances disclosed by the testimony of the deceased, without a further showing that there was no superior officer of appellant company in said county upon whom service of process could be had, would be a valid service; and it has been expressly held that a conversation between the wife of an injured employe and the bookkeeper at the employer's factory was not a verbal notice to the employer of the accident, nor can it be inferred that the bookkeeper was under any duty to communicate what the wife told him to the employer, or that he actually did so. *Eydman* v. *Premier, etc., Co. Ltd.* (1915), W. C. & Ins. Rep. 82.

The finding of the Industrial Board as to the appellant's knowledge of said accident not being sustained by any evidence, the said award is therefore contrary to law. The award of the Industrial Board is therefore reversed, and this cause remanded to the Industrial Board for further proceedings.