## STANDARD CABINET COMPANY *v.* LANDGRAVE.

[No. 10,757.   Filed October 7, 1920.]

1. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Findings of Fact.—Sufficiency.—Failure to Show Notice of Injury.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a finding by the Industrial Board which fails to show the employer's knowledge of an employe's injury, or written notice, or excuse, as required by §22 of the act, is insufficient to sustain an award.   p. 626.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Record.—Failure to Show Pleading of Rules of Board. —Judicial Notice of Rules.*—On an appeal from an award of compensation in which the employer attacked the award on the ground that the finding failed to show notice of the injury, appellee cannot avail himself of a rule of the Industrial Board making want of notice a defense to be pleaded, where the record fails to show that such rule was pleaded or introduced in evidence, as the court on appeal cannot take judicial notice of the rules of the board.   p. 627.

3. MASTER AND SERVANT. — *Workmen's Compensation Act.— Findings of Fact.—Sufficiency.—Failure to Show Notice of Injury.*—A finding by the Industrial Board which fails to show the employer's knowledge of the employe's injury, or written notice, or reasonable excuse for not giving the same, as required by §80201 *et seq.* Burns' Supp. 1918, is insufficient to sustain an award, even though the evidence shows knowledge of the injury and excuse for failure to give formal written notice.   p. 628.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Philip D. Landgrave against the Standard Cabinet Company.   From an award for applicant, the defendant appeals.   *Reversed.*

*Joseph W. Hutchinson,* for appellant.

*Charles R. Hughes* and *Turner, Merrell & Locke,* for appellee.

BATMAN, J.—On November 4, 1919, appellee filed with the Industrial Board an application for the adjustment of his claim for compensation, arising out of an accident which he alleges occurred on April 23, 1919, while he was in the employ of appellant. After a hearing and an award by a single member of the Industrial Board, appellant filed its application for review by the full board.

On such review the full board made the following finding: "And the full board, having heard the argument of defendant's counsel, having reviewed the evidence and being duly advised in the premises finds that on the 23rd day of April, 1919, plaintiff was in the employment of the defendant at the average weekly wage of $30.00; that on said date plaintiff received a personal injury by an accident arising out of and in the course of his employment, as the result of which plaintiff was wholly disabled for work for a period of twenty weeks and has such permanent impairment of his right leg, which together with the period of disability entitled him to forty weeks' compensation." On this finding the board made an award in favor of appellee, which forms the basis of this appeal.

Appellant contends, among other things, that the facts found are not sufficient to sustain the award. This contention is based in part upon the fact that the finding does not show that appellant, or its agent or representative, had knowledge of the alleged injury, or that it had been given written notice thereof, or that any excuse existed for a failure to give such notice. At the time of the alleged injury, the following provision of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), with reference to giving notice of an injury was in force: "Sec. 22. Every injured employe or his representative shall immediately upon the occurrence of an injury or

as soon thereafter as practicable give or cause to be given to the employer written notice of the injury and the employe shall not be entitled to physician's fees nor to any compensation which may have accrued, under the terms of this act, prior to the giving of such notice: unless it can be shown that the employer, his agent or representative had knowledge of the injury or death, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person, or for equally good reason: but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the injury or death, unless reasonable excuse is made to the satisfaction of the Industrial Board for not giving such notice."

It thus appears that knowledge on the part of an employer of an injury to an employe, or written notice of such fact, within thirty days after the occurrence of the injury, was essential to a recovery of compensation, unless facts existed which excused the giving of such notice. The finding does not disclose the existence of any such fact, and hence must be held to be insufficient to sustain the award. *Indian Creek Coal, etc., Co.* v. *Beach* (1920), *ante* 491, 127 N. E. 850.

Appellee, in opposition to the conclusion we have reached with reference to the effect of such omission in the findings, contends that only five facts need be 2. found in order to sustain an award of compensation, and that knowledge, written notice, or excuse therefor, as stated above, is not one of them, citing the case of *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. While the case to which our attention is called does not name the fact we are now considering as one of the essential elements to be found in order to sustain an award, still the section of the statute quoted above clearly makes

it such, and we must so hold. Appellee next asserts that such fact is a matter of defense, and, under the rules of the Industrial Board, should have been pleaded, if relied upon. If any such rule of the Industrial Board so provides, appellee cannot avail himself thereof in this action, as the record fails to show that any such rule was pleaded or introduced in evidence, and this court cannot take judicial knowledge thereof. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Zeitlow* v. *Smock'* (1917), 65 Ind. App. 643, 117 N. E. 665.

Appellee finally contends that the evidence shows that appellant had sufficient knowledge of appellee's alleged injury, and that a reasonable excuse existed for

3. the latter's failure to give the former written notice thereof. If it be admitted that this is true, such fact would not aid appellee in the absence of a finding to that effect, as the award must be sustained, if at all, by the facts found. For the reasons stated, we hold that the facts found are insufficient to sustain the award, and the same is therefore reversed, and this cause is remanded to the Industrial Board for further proceedings.