## CUDAHY PACKING COMPANY *v.* ZAFIROPOULOS.

[No. 10,840.    Filed December 8, 1920.    Rehearing denied March 16, 1921.    Transfer denied May 19, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Employe's Wilful Misconduct.—Failure to Plead.—Rules of Industrial Board.*—Under Rule 10 of the Industrial Board, providing that if the defendant relies upon the special defense that the injury or death of the employe was due to his wilful misconduct, etc., such special defense must be pleaded by an affirmative answer at least five days before the date set for the final hearing, a defense by an employer against an employe's claim for compensation based on the claim that without the employer's consent the employe was removed to a hospital, where, because of neglect and incompetent surgical and medical attention, his injuries were enhanced, resulting in permanent disability, must be pleaded by an affirmative answer at least five days before the date set for the final hearing.  p. 601.

2. MASTER AND SERVANT.— *Workmen's Compensation Act.— Finding of Industrial Board.—Conclusiveness.*—Where there is some evidence to support the finding of the Industrial Board that an accident resulting in an employe's injury arose out of and in the course of the employment, the finding will not be disturbed on appeal.  p. 601.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Harry Zafiropoulos against the Cudahy Packing Company. From an award for applicant, the defendant appeals.  *Affirmed.*

*R. B. Webster, Riley Hembroff* and *Dyer & Reed,* for appellant.

*Hodges & Ridgely* and *James H. McNeff,* for appellee.

REMY, C. J.—The findings of the Industrial Board which are material to a proper determination of the questions presented on appeal are:  On December 23, 1918, appellee was in the employment of appellant company at an average weekly wage of $25.55, and on said day, by reason of an accident arising out of and in the course of his employment, received personal injuries as

follows: Fractures of the skull, right clavicle, right jaw, and right femur; that appellant had actual knowledge of said injuries on the day they were received, and on said day sent appellee to St. Margaret's Hospital in the city of Hammond, and provided an attending surgeon; that as a result of his injuries appellee was wholly unconscious from the time he received the injuries until after January 10, 1919; that on December 25, 1918, appellee's brother caused the plaintiff to be removed by ambulance from said hospital to the San Antonio Hospital in the city of Gary; that said removal was made without appellant's knowledge or consent; that appellant first learned of the removal on December 30, 1918, at which time appellant also learned that appellee was wholly unconscious, and was not receiving proper medical and surgical attention; that on four or five occasions appellant's representative visited San Antonio Hospital, saw appellee's condition, both before and after he returned to consciousness; that appellant did not at any time furnish appellee with proper medical and surgical treatment of his injuries after it found him in San Antonio hospital, although appellee, after he became conscious, was willing to accept the services of an attending physician or surgeon provided by appellant; that as a result of his said injuries appellee is permanently and totally disabled; that ever since September 1, 1919, a rule of the Industrial Board has been in full force and effect, as follows:

> "If the defendant rely upon the special defense that the injury or death of the employe was due to the wilful misconduct of the employe, including intentional self-inflicted injury, intoxication, wilful failure or refusal to use a safety appliance, wilful failure or refusal to perform a duty required by statute, or any other defense of confession and avoidance, such special defense must be pleaded by an affirmative answer at least five days before the date set for the final hearing."

Appellant did not at any time file any special answer to appellee's claim for compensation in which it pleaded any affirmative defense. Appellee was awarded compensation at the rate of $13.25 per week for a period of 500 weeks, beginning on December 31, 1918.

The errors assigned and presented are that the award is contrary to law and is not sustained by sufficient evidence.

1. It is contended by appellant that, as shown by the board's finding, appellee's injury resulted from the fact that he was, without appellant's knowledge or consent, taken to the hospital at Gary, where because of neglect and incompetent medical and surgical attention his injuries were enhanced, resulting in his permanent disability. In view of Rule 10 above set out, and which the board specially found to have been in force at the time, the question was not in issue because not pleaded. See *Northern Indiana Gas, etc., Co.* v. *Pietzvak* (1917), 69 Ind. App. 24, 118 N. E. 133.

2. There is evidence to support the finding of the Industrial Board that the accident resulting in appellee's injuries arose out of and in the course of his employment, and under such circumstances the finding will not be disturbed on appeal. *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703.

The award is affirmed.

Batman, J., dissents.