BALDWIN TOOL WORKS v. McDOWELL.

[No. 11,366.   Filed May 18, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Affirmative Defenses. — Pleading. — Lack of Notice. —* Under §8020f1 Burns' Supp. 1921, Acts 1919 p. 158, §22, providing that an injured employe must give notice of the accident to the employer unless he has actual knowledge or acquires knowledge within thirty days, lack of knowledge, or failure to give notice, if relied on by the defendant to defeat an application for compensation or to diminish an award, is an affirmative defense, which, under the rules of the Industrial Board must be specially pleaded, or it is waived.  p. 300.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Compensation.—Compensable Disability.—Burden of Proof.—*In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915, p. 392, §8020l et seq. Burns' Supp. 1921), the burden is on the injured employe to establish that his disability is the result of the alleged accidental injury.  p. 300.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Daniel McDowell against the Baldwin Tool Works.   From an award for applicant, the defendant appeals.   *Affirmed.*

*White, Wright & McKay,* for appellant.

*Claud A. Smith* and *T. Morton McDonald,* for appellee.

ENLOE, J.—This was an application by the appellee for an award of compensation on account of an alleged injury sustained by the applicant, by accident, while in the service of the appellant.   The cause was first heard by one member of the Industrial Board, and afterwards, upon application for review, by the full board, which made, so far as the same is necessary to be set out herein, the following finding, viz.:

"The plaintiff, Daniel McDowell, while in the employ-

ment of the defendant at an average weekly wage of $24.00 or more, received a personal injury by an accident arising out of and in the course of his employment; that the defendant, by and through its officers and representatives, had actual knowledge of the plaintiff's injury within thirty days after it was inflicted; the plaintiff's injury was to the left leg, right side and back; that the plaintiff continued to work without losing seven days at any one time up to and in April, 1921, when he was wholly disabled for two weeks on account of said injury; that the plaintiff returned to work and continued to work until July 22nd, 1921, when he became wholly disabled from work as a result of this injury and has been wholly disabled continuously since; that the defendant at no time filed any special answer alleging any failure to receive notice or that it did not have knowledge of the plaintiff's injury within thirty days after its infliction, or that it has been prejudiced in any wise by any delay in receiving notice or acquiring knowledge of the plaintiff's injury; that continuously since the 1st day of September 1915 the rule of the Industrial Board has been in effect requiring the defendant to plead by special answer affirmative defenses, which rule is in the words and figures following, to wit:

" 'If the defendant rely upon the special defense that the injury or death of the employe was due to the wilful misconduct of the employe, including intentional self-inflicted injury, intoxication, to the commission of a felony or misdemeanor, wilful failure or refusal to use a safety appliance, wilful failure or refusal to obey a reasonable printed rule of the employer, or any other defense of confession and avoidance, such special defense must be pleaded by an affirmative answer at least five days before the date set for the hearing.' "

Based upon the foregoing finding the board made an

award of compensation to the appellee, from which award this appeal is prosecuted.

The appellant insists that said award is contrary to law because:   (1) There is no evidence that the employer ever had notice or knowledge of the alleged accidental injury; and (2) that there is no evidence that the appellee's disability was proximately caused by the alleged injury complained of.

The appellant first insists that it had no notice or knowledge of said injury and that therefore there is no liability as against it to compensate the appellee therefor.

The injury is alleged to have been received in 1920. The section of our statute relating to notice, as amended in 1919, §8020f1 Burns' Supp. 1921, Acts 1919 p. 158, §22, reads as follows:

"Unless the employer or his representative shall have actual knowledge of the occurrence of an injury or death at the time thereof or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practicable after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.

"Unless such notice is given or knowledge acquired within thirty days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he was prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudice."

We hold that under the above section the lack of knowledge, or the failure to give notice, if relied upon

by the defendant to defeat an application for an
1. award of compensation, or if relied upon to di-
minish such an award, is an affirmative defense
which, to be available, must under the rules of the In-
dustrial Board, be specially pleaded, and when not so
pleaded, it is waived. *Cudahy Packing Co.* v.
*Zafiropoulos* (1920), 75 Ind. App. 599, 129 N. E. 32.

The appellant relies upon the cases of *Indian Creek
Coal, etc., Co.* v. *Beach* (1920), 73 Ind. App. 627, 127
N. E. 850, and *Standard Cabinet Co.* v. *Landgrave*
(1920), 73 Ind. App. 625, 128 N. E. 358, as requiring
notice, but these cases arose under the prior statute con-
cerning notice, and are not therefore, controlling in this
case.

It therefore follows, in this case, that as there was no
affirmative answer, as to questions of knowledge of the
said accident, and of notice thereof, these matters were
waived.

It was encumbent upon the appellee to establish, by
competent evidence, the fact that his present disability,
for which he seeks compensation, is the result of,
2. or was caused, by the alleged accidental injury.
The Industrial Board found that said accidental
injury was the cause of his present disability for which
compensation is sought. There is evidence to support
this finding, and the award must, therefore, be affirmed.
Award affirmed.