## VAN TREECK *v.* TRAVELERS INSURANCE CO. *et al.*

1. The workman's compensation act of 1920 (Acts 1920, p. 167) is a remedial statute, and must be given a liberal construction.
2. Under section 23 of the workman's compensation act, supra, a foreman in charge of the special work in which the employee is engaged is an "agent" or "representative" within the meaning of said section, whose knowledge of an accident, derived from the employee, within a day or two thereafter, makes written notice by the employee within thirty days, as provided by the act, unnecessary.
3. In the circumstances stated in the foregoing headnote, an employee of a partnership failing to give written notice is not debarred from compensation under the act.

No. 3875.  January 15, 1924.

Question certified by Court of Appeals (Case No. 14256).

*Oliver & Oliver,* for plaintiff.

*Lawrence & Abrahams, McDaniel & Neely,* and *Harry L. Greene,* for defendants.

HILL, J.   The Court of Appeals desires instructions from the Supreme Court upon the following question involved in this case:

"Where a claimant against a partnership under the workman's compensation act, immediately after receiving a personal injury, verbally reports it to his immediate superior, the foreman in charge of the special work in which the employee was engaged, and within a day or two thereafter verbally reports the injury and exhibits the injured member to the head foreman in charge of the factory, but does not give any written notice of the injury within thirty days after the accident, by mail or otherwise, and omits to set up any excuse before the commission for such failure, unless such verbal notices can be so accounted, is the employee thereby debarred from compensation under the terms of the act, by virtue of the provisions of sections 23 and 24 thereof relating to the giving of written notice of the injury?

"An employee of a concern operating under the provisions of the act claimed compensation for an injury to a finger.   In the hearing before the commission the record showed that the employing concern was known as 'A. S. Bacon & Sons.'   No other facts as to whether it was a partnership or a corporation appear.   The only evidence as to notice of the accident, given by the injured employee to the concern, was as follows:   On the day of the injury, December 7, 1922, the claimant verbally reported the occurrence to his immediate superior, the foreman in charge of his special work.   On the same day he verbally reported to a young lady employee, in charge of the office at the time, that his finger was hurt and that he had quit work, and showed her the injury, she making a written memorandum of the claimant's name and reason for stopping work.   The memorandum was not offered.   It does not appear that it contained any other data or information, or that it was signed by any one.   On the Saturday following, the claimant verbally notified the head foreman in charge of the factory that he would not be able to work the following Monday because the finger was too sore, and exhibited it to him in its then 'pretty bad' condition.   On March 15th, more than three months subsequent to the injury, the attorneys for the claimant, over their signature, wrote to the defendants, advising that the claimant had 'presented' to the attorneys 'his claim' against the defendants 'for an injury sustained by him while employed' by

them, and that, 'as a result of the injury, he has a permanently stiffened finger, which is absolutely useless to him;' and asked to be advised 'what we may expect in regard to this matter.' Nothing further with reference to any notice appears."

In order to properly answer the foregoing question propounded by the Court of Appeals it is necessary to set out and construe sections 23 and 24 of the Georgia workman's compensation act (Act 1920, p. 167), which are as follows:

"Sec. 23. Be it further enacted, that every injured. employee or his representative shall immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fee nor to any compensation which may have accrued under the terms of this act, prior to the giving of such notice; unless it can be shown that the employer, his agent or representative had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or by fraud or deceit; but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident, and if death results from the accident, also within thirty days after death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and it is reasonably proved to the satisfaction of the commission that the employer has not been prejudiced thereby.

"Sec. 24. Be it further enacted, that the notice provided in the foregoing section shall state in ordinary language the name and address of the employee, the time, place, nature, and cause of the accident, and of the resulting injury or death, and shall be signed by the employee or by a person in his behalf, or, in the event of his death, by any one or more of his dependents or by a person in their behalf. No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer shall prove that his interests was prejudiced thereby, and then only to such extent as the prejudice. Said notice shall be given personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State, or may be sent by registered letter addressed to the employer at his last known residence or place of business."

The workman's compensation act of 1920 (Acts 1920, p. 167), two sections of which are set out above, is a remedial statute and must be liberally construed. The words "agent or representative" in section 23, in the language "unless it can be shown that the employer, his agent or representative, had knowledge of the accident," are to be given a broad signification for the purpose of carrying out its manifest purpose. This view is borne out by at least two other courts in outside jurisdictions, in well-considered cases. In Simmons' case, decided by the Supreme Judicial Court of Maine, 117 Me. 175 (103 Atl. 68), it was held: "A foreman, in full charge of the employees in a room, is an 'agent' within Rev. St. c. 50. § 30, whose knowledge of an accident makes written notice by servant unnecessary." In Murphy's case, 226 Mass. 60 (115 N. E. 40), it was said: "It also is contended by the insurer that Reardon, the foreman, whom the plaintiff informed of his injury, was not an agent authorized to receive such information. Reardon was the foreman in the employer's construction department. Murphy worked under him and received orders and instructions from him. The proper management of the employee's work was in the care of Reardon, who represented the employer; for this purpose he was its agent, and his knowledge was the knowledge of the employer." Citing Bloom's case, 222 Mass. 434 (111 N. E. 45); McLean's case, 223 Mass. 342 (111 N. E. 783); Carroll's case, 225 Mass. 203 (114 N. E. 285). See also 28 R. C. L. 825, 826, § 113, where it is said: "While notice is required to be given to the employer, a foreman or other person in authority may be regarded as his representative for this purpose, and he will be charged by whatever knowledge the representative may have acquired."

We are aware that there are other courts holding to the contrary of the above, viz., in Standard Cabinet Co. v. Landgrave, 73 Ind. App. 625 (128 N. E. 358); Frank Martin-Laskin Co. v. Goetsch, 172 Wis. 548 (179 N. W. 740); but we are of the opinion that the better view is as expressed above.

We therefore answer the question propounded by the Court of Appeals in the negative.　　　　*All the Justices concur.*