41104. CITY COUNCIL OF AUGUSTA v. WILHELM.

DECIDED JANUARY 28, 1965—REHEARING DENIED
FEBRUARY 24, 1965.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for plaintiff in error.

*Isaac S. Peebles, Jr., Oliver K. Mixon, Starkey S. Flythe,* contra.

JORDAN, Judge. The evidence in this case clearly authorized the finding that the position of "Detective and Fingerprint Expert" held by the plaintiff upon retirement and that of "Lieutenant in Charge of Identification Bureau as Identification Officer, Fingerprint Expert and Photographer" were substantially the same in so far as duties and responsibilities were concerned, the major differences being in title and pay. Where the duties and responsibilities of the position are substantially the same, any other differences become immaterial.

The plaintiff was thus entitled to have his retirement pay computed at one-half the salary paid the officer holding this position in view of the express terms of the escalator provision of the retirement Act that the retired employee "shall receive a pension of one-half the amount of salary the said *position* or rank is then commanding." (Emphasis supplied).

To hold, as contended by the defendant, that the plaintiff's pension should be computed at one-half of the salary paid to a "Detective" in the police department rather than one-half of the salary paid to the officer currently in the position held by the plaintiff upon retirement, would require that we ignore the plain and unambiguous language of the pension Act, as set forth above, and would do violence to the purpose of the Act, as

expressed in its preamble, "to provide that as the salary of the respective positions the retired employees once held, increases, the amount paid to such retired employees as pensions shall increase in a like degree." Ga. L. 1925, p. 867. Where construction is needed, the rule is that pension Acts must be liberally construed in favor of the rights of the pensioner. *City of Macon v. Herrington*, 198 Ga. 576, 589 (32 SE2d 517).

The plaintiff's petition stated a cause of action, and the evidence adduced on the trial of the case authorized the verdict in his behalf.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*