23780. PURDIE, Member of School Pension Board of Fulton County, et al. v. JARRETT.

ARGUED NOVEMBER 15, 1966—DECIDED DECEMBER 5, 1966.

*Harold Sheats, John Tye Ferguson,* for appellants.

*Robert S. Sams, Gerald P. Thurmond, Troutman, Sams, Schroder & Lockerman,* for appellee.

MOBLEY, Justice. The question here is whether petitioner, a retired school teacher of the Fulton County School System, is entitled to a pension of $421.47 or $406.54 per month. The pension board originally paid her $421.47 but later reduced her monthly pension to $406.54. The determinative issue is whether her accumulated sick leave pay at the time of retirement in the amount of $1,194.00 should be included in computation of her pension. By her petition she sought mandamus against the school Pension Board of Fulton County to require that this sick leave pay be included in the computation of pension due. The trial court sustained her position and ordered the board to pay her at the rate of $421.47 from the date of her retirement and to reimburse her the difference for the months paid at $406.54. The appeal is from that judgment.

■ Petitioner elected to come under the 1962 amendment to the pension statute which provides that "monthly earnings" defined as "the average of the highest five years' salary during the employment," shall be the basis for determining the amount of pension due (Ga. L. 1962, p. 2948). Before the 1962 amendment, the basis for the amount of pension under the pension statute was "monthly salary" (Ga. L. 1945, pp. 528, 531; Ga. L. 1957, pp. 2574, 2575). Appellants contend that sick pay should not be included in computing the amount of pension because it is neither "earnings," since it is not paid when services are rendered, nor is it "monthly," since it is paid only once, at retirement in this case. In our view, this contention is without merit.

As shown above, the 1962 amendment defines monthly earnings in terms of salary. The significance of this fact becomes apparent when we consider other pertinent provisions of the pension statute and certain rules adopted by the pension board with respect to the treatment of unused sick leave pay.

Section 3 of the pension statute (Ga. L. 1945, pp. 528, 530) authorizes the pension board to adopt rules to "reconcile conflicts" in the Act and "provide for the equitable disposition of any matter not specifically covered by the provisions of this Act, provided, however, that all of such rules must be consistent with the terms and spirit of this Act." Acting under the authority vested in them by Section 3, the board adopted Rule 5, which provides: "The average monthly salary paid during the five consecutive years that the member drew his or her highest monthly salary or wages shall be ascertained by adding all compensation, including any bonus paid for services rendered to the Board of Education during said five-year period and dividing the total sum thereof by the number of months for which said compensation was paid." Since the pension statute does not explain what is meant by "average monthly salary," the board acted within its powers in adopting Rule 5. The inclusion of all compensation, including bonuses into the sum from which an employee's average monthly salary is derived, is within the spirit and intent of the Act, as such statutes are to be liberally construed in favor of the pensioner. *Burks v.*

*Board of Trustees,* 214 Ga. 251 (104 SE2d 225); *City of Macon v. Herrington,* 198 Ga. 576, 589 (32 SE2d 517); *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234 (141 SE2d 220).

The obvious effect of Rule 5 is to broaden the meaning of "salary" to include compensation, not necessarily paid on a regular periodic basis, for services rendered by teachers that might include teaching in summer school, coaching athletics, or any special services other than teaching classes during the regular school year. The apparent purpose of this rule is to avoid limiting a teacher's pension to an amount based upon the regular monthly salary received under her employment contract by including all other compensation the teacher might receive for services rendered to the board of education.

Rule 5 in effect defines salary as "all compensation, including any bonus paid for services rendered to the Board of Education . . ." Thus, the rule is applicable in determining what is includable in the basis for computing the amount of pension due under the 1962 amendment of the Pension Act.

Rule 41 of the pension board provides for the payment to employees of sick leave pay. Paragraph (f) of Rule 41 provides as follows: "Payment of ½ of the unused accumulative sick leave will be made upon retirement . . ." Clearly, the unused sick leave pay is compensation for services rendered the board of education. It is payment for services rendered because the employee was not absent due to illness. By not taking sick leave, the employee has increased her value to the board of education and the payment to compensate her is merely a part of her total salary or compensation for the period of her employment.

Under our construction of the Pension Act, as amended in 1962, and Rules 5 and 41, appellee's unused sick leave pay is a part of her total compensation for the five-year period and, although it is paid only at one time rather than at periodic intervals, it is "salary." As such, it is lawfully includable in determining the average of the highest five years' salary during the employment, which average is the basis for determining the amount of pension due under the Act as amended in 1962.

This conclusion is consistent with the undisputed practice

of the pension board of including appellant's unused sick leave pay in her "total salary" from which deductions are made to obtain funds for pension benefits under Section (f) of the 1962 amendment to the Pension Act (Ga. L. 1962, pp. 2948, 2950).

(a) It is further contended that appellee was improperly paid pension payments for the months of July and August, 1964, following her retirement on June 30, 1964, since she was also paid a salary for those months under her employment contract. Appellants rely upon a rule adopted by the pension board which provides for the payment of the pension on the date of disability or retirement with the following provision: "provided, however, no pension shall be payable to any person for any period of time during which salary or compensation for services performed has been paid, whether vacation, sick leave, or under other circumstances." This rule refers to payments of salary or compensation for a period of time during which services were rendered or expected to be rendered, for example, during a period of disability, and not to a period of time following the completion of services. Under appellee's employment contract her salary was fixed on an annual basis and she was required to teach during a ten-month period from September 1 to June 30 each school year, but was paid in twelve monthly installments from September through August for the school year. Thus, the two salary payments for July and August, 1964, were for services rendered by appellee during the ten-months period prior to her retirement. Pension payments to her where properly made from the date of her retirement.

*Judgment affirmed. All the Justices concur.*