43406. CITY COUNCIL OF AUGUSTA v. YOUNGBLOOD.

WHITMAN, Judge. 1. Under the retirement statute governing certain employees of the City Council of Augusta, an employee may retire after 25 years service at a pension of one-half the pay of his position. In addition, provision is made for automatic escalation of the pension by one-half of any increase the position receives in the future. Ga. L. 1925, pp. 867, 870, as amended; *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234 (141 SE2d 220).

2. If a position is abolished, then, of course, there will be no pay increases for the position and likewise no pension escalations. However, a position will not be considered to have been abolished merely by changing the job title and rate of pay where the duties and responsibilities remain substantially the same. *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234, 235, supra.

3. In the present case, Lewis Youngblood, at the time he retired, held two separate and distinct jobs with the City Council of Augusta. He was the "Clerk of the Recorder's Court" at a salary of $5,520 per year. He was also "Operations Manager of the City Stockade" at a salary of $3,000 per year or $250 per month. Shortly after he retired, the position of Operations Manager of the City Stockade was abolished by the City Council and the position of "Superintendent of the Stockade" was created at a salary of $400 per month. Youngblood's request for an increase in his pension of one-half of the difference in the operation manager's and the superintendent's salaries was refused pursuant to which he brought this action. He thereafter made a motion for summary judgment which was granted and from which the City Council of Augusta appeals.

4. The evidence adduced at the hearing on Youngblood's motion for summary judgment shows that he divided his time

between the two jobs. According to the evidence he was on duty as operations manager approximately 2 to 3½ hours per day. The evidence also shows that the position of superintendent is a full-time job which requires a closer supervision of all the employees of the city stockade and the prisoners; that the superintendent has more time to answer telephone calls and to attend to the routine business of the stockade; that he is on duty for approximately 10 hours per day, 7 days a week; and that he is in a position to have prisoners released more promptly and to deal with the public more than could be done previously.

5. If the two positions are substantially the same, Youngblood is entitled to the increase sought (it is not disputed that there were periodic deductions from Youngblood's salary for pension purposes). The question for decision is whether the evidence adduced at the hearing for summary judgment shows that the two positions are substantially the same. In our opinion this issue remains unresolved. It is perhaps possible that Youngblood could still have fulfilled the requirements of the new superintendent's position as described above, and the position of clerk of the recorder's court simultaneously. The evidence is inconclusive in this regard. In the absence of any other appropriate procedure on another trial, we think the question involved should be left to determination by a jury with proper instructions of the trial court, having regard to any relevant and material differences in hours of service devoted to the position of operations manager of the city stockade at the time of plaintiff's retirement on March 1, 1966, as compared with the required hours of service in the position of superintendent of the stockade created thereafter.

This case does not involve any motion for summary judgment by the defendant.

The trial court erred in granting plaintiff's motion for summary judgment.

6. There was no error in overruling defendant's general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED JUNE 27, 1968—
REHEARING DENIED JULY 23, 1968—

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellee.