44722. CONNORS v. CITY COUNCIL OF AUGUSTA.

EVANS, Judge. This is a suit for a money judgment against the City of Augusta by the plaintiff, a retired sergeant of the Police Department of the City of Augusta, alleging he was retired with the rank of sergeant in the Augusta Police Department and has not been paid all pension funds to which he is entitled. The defendant admitted in its answer that he is a retired employee but seeks to allege and show that he is not entitled to any increase in funds due to increases in salary to police sergeants, he having been retired as "Social Hygiene Officer," which position has been abolished, and the plaintiff would not be entitled to pay increases under his pension rights due to escalations. Further, that he has been paid all funds due him. Both parties moved for summary judgment, submitting sworn affidavits and certified copies of the minutes and ordinances of the City of Augusta; and after a hearing, the court denied plaintiff's application for summary judgment, and granted the defendant's motion for summary judgment. The appeal is from the order granting summary judgment and dismissing the case. *Held:*

1. The purpose of the motion for summary judgment is to pierce the formal verbiage of the pleadings by showing that there is no genuine issue "as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

2. Thus the burden is upon the movant to establish the lack of a genuine issue and the right to a judgment in his favor as a matter of law, and any doubt as to such issue is resolved against the movant with all favorable inferences that may be drawn from the evidence being given to the opposing party. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

3. The documents here show unequivocally that Sgt. Connors was retired as a police sergeant of the Police Department of the City of Augusta. Apparently he was assigned to perform the duties of a "Social Hygiene Officer," whatever those duties may have been, with the Richmond County Health Department, somewhere during his career and possibly at the time of his retirement. The affidavit of the Chief of Police was that he was still under his command even if he was paid from other funds, this still does not show unequivocally that he was not a Sergeant of the Police Department of the City of Augusta. There is nothing in the record to show he ever resigned to become simply the "Social Hygiene Officer." However, there is nothing in the record to show how his retirement should be computed to determine whether or not he has been properly paid. Since the evidence submitted on summary judgment fails to show that no genuine issue of facts exists, but, in fact, shows issues remain which must be proven, the enumeration of error that the lower court erred in granting summary judgment on motion of the defendant is meritorious.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1969—DECIDED OCTOBER 2, 1969—
REHEARING DENIED OCTOBER 17, 1969.

*Oliver K. Mixon, James E. Blanchard, Jr.,* for appellant.
*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for appellee.

ON MOTION FOR REHEARING.

Counsel argues strenuously that the effect of this decision is to overrule *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234 (141 SE2d 220), wherein Georgia Laws 1925, p. 867, as amended by Georgia Laws 1931, p. 683, applying to all officers and employees of the City of Augusta, was interpreted to require an increase in the pension of a detective wherein the position which he performed at retirement was re-written after retirement to require a lieutenant to perform these duties, the opinion holding he was entitled to increased benefits on retirement based on the salary of the position thus increased. Here,

the retired officer who retired with 25 years' service was a police sergeant, and since the pension law reads that when said employee retires after serving 25 years he shall receive "one-half of the pay of his *rank*, or should the pay of said *rank* be increased, when said increase takes effect, then his pension should be one-half of the pay that the *rank* then commands." (Emphasis supplied). Other portions of the law on disability payments refer to "position or rank." The *Wilhelm* case is authority for reversing the lower court here to require a liberal construction of the law in favor of the rights of the pensioner. See *City of Macon v. Herrington*, 198 Ga. 576, 589 (32 SE2d 517); *Van Treeck v. Travelers Ins. Co.*, 157 Ga. 204 (121 SE 215). The appellant clearly retired with the rank of sergeant in the Police Department of the City of Augusta. A question of fact remains whether or not he has been properly paid.

*Motion for rehearing denied.*