44827. CITY COUNCIL OF AUGUSTA v. YOUNGBLOOD.

HALL, Presiding Judge. Defendant appeals from an adverse judgment in a suit by a former employee to recover an al-

leged underpayment in his pension. This is the second appearance of the case in this court. A statement of the facts is contained in *City Council of Augusta v. Youngblood*, 118 Ga. App. 177 (162 SE2d 758).

1. The defendant contends that the trial court erred in allowing the plaintiff to introduce, over objections, portions of answers given by the defendant in response to interrogatories, while denying defendant the opportunity to introduce the remaining admissible portions of the answers. This court has held "that if only a part is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced. . . Fairness demands that no less than all portions relevant to that interrogated about be introduced at the same time." *Wells v. Alderman*, 117 Ga. App. 724, 735 (162 SE2d 18); *Code Ann.* § 81A-126 (d) (5); Westinghouse Electric Corp. v. Wray Equipment Corp., 286 F2d 491.

The primary question here is whether the remaining portions are relevant to the part introduced. The "Georgia rule favors admissibility. If the relevancy of the offered evidence is in doubt, it should be admitted. . .*" Patton v. Smith*, 119 Ga. App. 664, 665 (168 SE2d 627).

Interrogatory 4—"What duties are performed by the Superintendent of the Stockade that were not performed by the plaintiff herein as Operations Manager of the City Stockade?" The portion of the answer introduced by plaintiff was: "The duties performed by the present Superintendent of the City Stockade differ from those performed by the Operations Manager of the City Stockade primarily by reason of the length of time devoted thereto." The remaining portion which was excluded was: "The Superintendent of the City Stockade is on duty for approximately 10 hours per day, 7 days a week. He is able to give more time to the supervision of the stockade employees and the prisoners. He has more time to answer telephone calls and to attend to the routine business of the stockade." In our opinion, the remaining portion was relevant. In the previous appearance of the case in this court, the opinion stated that one of the issues was "any relevant and material differences in the hours of service. . . ." P. 178.

Interrogatory 10—"What was the number of hours per day he was required to devote to the duty of the position of operations manager of the City Stockade?" The portion of the

answer introduced by plaintiff was: "There were no set number of hours per day which Mr. Youngblood was required to devote to his duties as operations manager of the City Stockade." The remaining portion which was excluded was: "It was estimated that he spent approximately two hours per day in performance of such duties." While we have said hours of service is relevant evidence, the trial judge did not err in refusing to admit the latter portion of the answer since it was not responsive to the question which concerned *required* hours, and was also speculation on the part of the person answering.

Interrogatory 19—"Specify any closer supervision of the employees of the stockade that was required during Youngblood's administration as Operations Manager that was not given by him." The portion of the answer introduced by plaintiff was: "No closer supervision of the employees of the City Stockade was required of the Operations Manager when that job was held by Mr. Youngblood than that which was given them by him." The remaining portion which was excluded was: "However, the City Council, in designating the job of Operations Manager as a part-time job required of the Operations Manager only such supervision as could be given in the limited period of time each day during which he was present at the stockade." We believe the excluded portion was relevant to and amplified the included portion. The question revolved around "required" supervision during plaintiff's tenure. The city attempted to explain that the supervision requirement was not an external standard of performance but only a function of the time that was in fact spent upon it. Having said, in effect, the requirement is what a man can do in 3 hours, the city could not then say that what he did in 3 hours did not meet the requirement. As the city was forced to answer that he met the requirement, it is entitled to explain the peculiar nature of the requirement; otherwise the jury could be given the impression that the plaintiff amply met certain, set standards of supervision which were unchanged when the job became full-time.

Interrogatory 20—"Did Youngblood fail in any respect to fulfill any requirement of the Operations Manager's position or of the present Superintendent's position at the City Stockade and the position of Clerk of Recorder's Court simultaneously? If so, (2) Specify in detail how and wherein he failed." The

portion introduced by plaintiff was: "Mr. Youngblood did not fail in any respect to fulfill any requirements set down for him as Operations Manager. He did not fail in any respect to fulfill the requirements made of him as Clerk of Recorder's Court." The remaining portion which was excluded was: "He failed to fulfill the present requirements of the position of Superintendent only because it was not possible for him to spend eight hours each day in attendance at the City Stockade and also to spend the amount of time necessary to perform the duties of the Clerk of Recorder's Court." The question has two parts, divided by the word "or." The excluded portion of the answer was in response to the second part of the question and should have been admitted.

Interrogatory 17—As it relates to this interrogatory, the enumeration of error is without merit. The record does not show that the defendant either objected to the omission at the time plaintiff made it or attempted to introduce the matter later.

2. The defendant claims the court erred in admitting, over objection, evidence concerning the number of days the present Superintendent of the Stockade was absent from the job. The form of the evidence was health records showing the number of days the Superintendent was hospitalized. Evidence of involuntary absence is irrelevant to the issue of *required* hours of service and should have been excluded.

3. The defendant enumerates as error the admission of testimony on the time lapse between the order for release and actual release of a prisoner by the Operations Manager as compared with the Superintendent. This subject of more prompt prisoner release was first raised in the case by defendant in one of its answers to plaintiff's first set of interrogatories. Defendant is therefore estopped to deny the relevance of further evidence on the subject. The court did not err in its admission.

4. We express no opinion on the sufficiency of the evidence as the case goes back for another trial.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED OCTOBER 8, 1969—DECIDED OCTOBER 22, 1969—REHEARING DENIED NOVEMBER 10, 1969.

620

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellee.