## 48344. FREY v. FRIENDLY MOTORS, INC.

HALL, Presiding Judge. Bess L. Frey appeals from the trial court's grant of summary judgment for Friendly Motors, Inc., ("Friendly") in her suit brought to recover the value of her bargain for the purchase of an automobile for some $2,400. This bargain is alleged to have been made and subsequently repudiated by Friendly.

The facts show that Mrs. Frey went to Friendly's premises accompanied by her husband, and there executed a buyer's order for an automobile, which itself stated that it should not be binding until signed by an agent of Friendly. She tendered it with her check for $200 earnest money to an agent of Friendly as an offer to buy the automobile. Subsequently, numerous oral communications were held by Mrs. Frey and her husband with a Friendly salesman, who in the conduct of negotiations went back and forth between the Freys and a Friendly sales manager empowered to accept the offer. Mr. Frey then told the salesman to bring him either an acceptance by Friendly or the return of the earnest money check. The salesman on his deposition testified that he then received the sales manager's consent to sell the car "tonight" for the amount written on the offer, and that he told the Freys they had the deal they wanted, and they had only to fill out and sign the bill of sale. Protesting that it was growing late in the evening and they would prefer to complete the paperwork the next morning, the Freys departed, apparently confident that the car could be picked up the next morning. In their affidavits, both Mr. and Mrs. Frey state that the salesman

agreed to their plan to return the next day to pick up the car. Actually, when they returned they found that Friendly's position was that there was no contract. Friendly's evidence tends to show that the buyer's order was never signed by anyone on behalf of Friendly, and the earnest money check was torn up by Friendly after the Freys departed.

In its defensive pleadings, Friendly did not plead the statute of frauds, and does not seek here to claim the benefit of it. Code Ann. § 81A-108 (c). It is Friendly's position that the statute of frauds is inapplicable to the facts here; that the negotiations never reached the point of a contract; and that the offer was never accepted because by its terms it required the acceptance to be in writing and the same was never signed.

Because Friendly has not claimed the benefit of the statute of frauds but has staked its position on the failure of the parties to come to a meeting of the minds, there is no requirement that such meeting of the minds be manifested by a writing, except for such requirement to that effect as is imposed by the buyer's order. The buyer's order, however, as an offer to buy, is controlled by the offeror, Mrs. Frey. If an attempted acceptance is made in terms varying an offer, this may be considered a counter offer and the counter offer may be accepted by the offeror, making a contract. *State Hwy. Dept. v. Wright Contr. Co.,* 107 Ga. App. 758 (131 SE2d 808, 1 ALR3d 1260); *Estes Lumber Co. v. Palmyra Yellow Pine Co.,* 29 Ga. App. 15 (113 SE 821); see also Code Ann. § 109A-2—207. Thus, an attempted oral acceptance here by Friendly would have been a counter offer because it would have varied the terms of the offer which originally required the acceptance to be in writing. However, if it had been agreed to by Mrs. Frey, it would have created the contract here sought to be sued on, absent the operation of the statute of frauds which is not claimed by Friendly to be relevant. Thus, Friendly may not prevail on its motion merely by showing that the buyer's order was never signed. These parties could have made an oral contract.

Whether the parties intended to make a contract is a question of fact. See 1 Corbin, Contracts, 474, § 106 (1950). The record shows sworn allegations by the Freys that the parties reached a meeting of the minds and that the agreement was that they would return the next day to get the car. The position of Friendly as shown on the deposition of the salesman is that there was no such agreement and the departure of the Freys that evening

manifested their breaking off negotiations. Thus, there is a sharp conflict in the evidence on the determinative question of whether there was a contract, and for this reason the grant of summary judgment for Friendly was erroneous. Code Ann. § 81A-156; *Connors v. City Council of Augusta,* 120 Ga. App. 499 (171 SE2d 578). There remain in this case significant issues of material fact yet to be proved concerning whether the parties reached agreement.

The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Evans and Clark, JJ., concur.*

SUBMITTED JULY 10, 1973 — DECIDED SEPTEMBER 13, 1973.

*Robert J. Frey,* for appellant.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellee.