## 35086. STUBBS v. TATTNALL BANK.

HILL, Justice.

Plaintiff Stubbs, an attorney, by letter to the board of directors of defendant bank, made an offer to purchase the "old Tattnall Bank building" and the land thereunder for use as a law office for $22,500, payable in 10 days. The board of directors met and, according to the minutes of that meeting, instructed the bank president "to make Mr. Stubbs an offer of $30,000 and then try and get as close to that figure as possible."[1] The bank president, by letter, informed plaintiff that he had been instructed to offer the old bank building to him for $30,000, and that if plaintiff were still interested in the property he (the bank president) would be glad to discuss it.[2]

Within four business days, plaintiff called the bank president to inquire whether the $30,000 price could be negotiated. He was informed that it could not, because a third party had made an offer of $30,000 to the bank. Plaintiff asked if he should just send his check for $30,000 to the bank but the bank president said no, that if he wanted to, plaintiff should submit an offer to the board of directors, which would then consider both his offer and the offer of the third party.

Instead, that same day plaintiff accepted the bank's offer in writing and tendered a check for the $30,000

---

[1]The minutes of the board of director's meeting pertinent to this subject read as follows: "The president read a letter from Francis Stubbs in which Mr. Stubbs offered to purchase the old bank building for $22,500.00. The president was instructed to make Mr. Stubbs an offer of $30,000.00 and then try to get as close to that figure as possible."

[2]The bank president's letter read as follows: "Your recent offer to purchase our old bank building for $22,500.00 was presented to the board of directors today. The directors feel that the building and lands are worth considerably more than that figure, and I was instructed to offer it to you for $30,000.00. If you are still interested in this property, I will be glad to discuss it with you."

purchase price. The bank president returned the check by letter in which he refused the tender on the basis of the offer by the third party. Subsequently, at the next meeting of the board of directors of the bank, the board passed a resolution withdrawing its offers to sell and property was withdrawn from the market.[3] Plaintiff wrote a letter insisting that he had a contract and brought this action seeking specific performance of that contract. From the grant of a motion for summary judgment for the bank, and denial of plaintiff's motion, plaintiff appeals. The above facts are undisputed. The defendant bank urges only two points: that it invited negotiation but made no offer to sell, and, if an offer were made, it was impliedly withdrawn prior to acceptance.

By its terms, the original letter from plaintiff to the board of directors was an offer to purchase the property for $22,500. In rejecting that offer, the board of directors instructed the bank president to offer the property to plaintiff for $30,000. The communication by the president to the plaintiff of the board's instructions clearly was a counter-offer, varying only one term of the original offer, the price. *Frey v. Friendly Motors, Inc.,* 129 Ga. App. 636, 637 (200 SE2d 467) (1973); *State Hwy. Dept. v. Wright Constr. Co.,* 107 Ga. App. 758, 765 (131 SE2d 808) (1963); *Estes Lumber Co. v. Palmyra Yellow Pine Co.,* 29 Ga. App. 15 (1) (113 SE 821) (1921); Restatement (Second) of Contracts § 38 (Tent. Drafts Nos. 1-7, 1973).

Defendant asserts that the bank president's letter was not a counter-offer, but merely an invitation to negotiate. However, it is clear that the letter contained

---

[3]The pertinent part of the minutes of this meeting of the board read as follows: "Letters from Francis Stubbs regarding the purchase of the Old Bank Building for $30,000.00 and correspondence relating to it were read. Also, a letter from Glen Cheney offering to purchase the building for $30,000.00 was read. After considerable discussion Mr. Jordan made a motion to withdraw all offers to sell the building. Mr. Curry seconded the motion. Vote was four for and three against with one abstaining ... Motion was carried."

the offer by the board of directors. Code § 20-107; 1 Corbin on Contracts 23, § 11 (1963). That the offer could have contained more complex conditions does not prevent it from being an offer nevertheless. That the bank president might "discuss" a counter-offer by plaintiff of less than $30,000 does not alter the fact that the bank made an offer at $30,000. The invitation to negotiate further did not cancel the offer made at the same time. See *Harris & Mitchell v. Amoskeag Lumber Co.,* 97 Ga. 465 (2) (25 SE 519) (1895).

Defendant next contends that the telephone conversation between plaintiff and the bank president in which plaintiff was informed of the offer of the third party and was told to submit another offer, rather than a check for $30,000, put plaintiff on notice that the bank's counter-offer was withdrawn. Had the president been selling his own property, this possibly would be so. However, the president was not acting on his own but as the bank's agent and the board of directors had instructed the president to offer the property to the plaintiff for $30,000. The president was not authorized to reject plaintiff's acceptance of that offer. Hence, he was not authorized to withdraw the offer made by the board of directors. This conclusion is confirmed by the subsequent resolution of the board of directors "to withdraw all offers" after plaintiff's acceptance. Plaintiff's written acceptance plus tender of the full purchase price constituted acceptance of an existing offer and thus formed a contract of sale. Code § 20-107; *Prior v. Hilton &c. Lumber Co.,* 141 Ga. 117 (1) (80 SE 559) (1913). The order of the trial court granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 10, 1979.

*M. Francis Stubbs,* pro se.
*Van Cheney,* for appellee.