## 60196. GOODWIN v. EMPLOYEES RETIREMENT SYSTEM OF GEORGIA.

SMITH, Judge.

Appellant, plaintiff below, brought this action for declaratory judgment against the Employees Retirement System of Georgia (hereinafter ERS) seeking a declaration that he be entitled to credit toward retirement, pursuant to Ga. L. 1949, pp. 138 et seq. as amended (Code Ann. § 40-2504), for the period of his service as a midshipman at the United States Naval Academy from 1939 to 1942. The trial court determined that "time spent in academic training and attendance at the Naval Academy" was not creditable service toward retirement under the provisions of our statute. We reverse.

Code Ann. § 40-2504 (4) provides: "Anything in this Chapter to the contrary notwithstanding, any member, if otherwise eligible for prior service credits, who, prior to January 1, 1954, served on active duty in the Armed Forces of the United States, shall be entitled to credit for such active duty service, exclusive of reserve service, and not to exceed the limitations as elsewhere provided for in this Chapter: Provided no service in the Armed Forces shall be deemed as creditable under any provisions of this Chapter if such service has or will be used in the determination of any member's eligibility for retirement benefits or allowances from any other State or Federal retirement program, excluding Social Security and those retirement programs covered under the provisions of Title 10 of the United States Code, Public Law 810, 80th Congress, as amended, with the further provision that this Chapter will not be prejudicial to any determination of creditable service made prior to the passage of this Chapter. It is not the intent of this subsection to authorize creditable service to any member who retired from active duty in the armed forces with a benefit or allowance, unless his benefit or allowance was entirely by reason of injury or disability, and who, without such injury or disability, could not have otherwise qualified for a benefit or allowance." The issue presented is whether the General Assembly intended to credit time spent attending one of the service academies

as "active duty in the Armed Forces" under ERS.

Since the armed forces are under the control of the federal government, we deem it appropriate to consult applicable federal law in determining the intended meaning of the term "active duty in the Armed Forces of the United States." A general definition of the term active duty is set forth in 10 USCA § 101 (22), which provides: " '[a]ctive duty' means full-time duty in the active military service of the United States. It includes . . . attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned." Under federal law, "[t]he period of service under an enlistment or period of obligated service while also serving as a . . . midshipman at the United States Naval Academy . . . may not be counted in computing, for any purpose, the length of service of an officer of an armed force." 10 USCA § 971 (a).

Appellee argues that this latter restriction must be incorporated into any meaning given to the term "active duty" in our statute. Indeed, appellee asserts that the enactment of § 971 impliedly repealed § 101 (22) insofar as it includes service academy time within the definition of active duty. We reject these contentions.

Since its original enactment, § 101 (22) has been reenacted on several occasions, most recently in 1956. The limitation contained in § 971 was originally enacted in 1912. Appellee's contentions regarding repeal by implication run contrary to the clear intent of Congress. See Bell v. United States, 366 U. S. 393, 410 (81 SC 1230, 6 LE2d 365) (1961).

While § 971 requires that service of a midshipman appointed to the Naval Academy not be counted in computing length of service, the limitation of § 971 does not form a part of the *definition* of the term "active duty" under federal law. Section 971, consistent with the definition provided in § 101 (22) recognizes that attendance at the United States Naval Academy constitutes a "period of *service* under an enlistment or period of obligated service." (Emphasis supplied.) Furthermore, § 971, by its own terms, is limited in application to "computing length of service."

We find it persuasive that Georgia law contains no provision analogous to § 971. In our view, if the legislature intended to prevent the service as a midshipman from being counted "[i]n computing length of service," it would have enacted a statute, as did Congress, that establishes such a policy. By failing to enact such a statute, it appears that the legislature intended not to follow the Congressional lead. We note that Code Ann. § 40-2504 (4), which contains several specific exclusions, at no point excludes attendance at a service academy from being considered a part of "active duty." Had the

legislature intended to exclude such attendance, we believe it would have been specifically excluded. "[P]ension Acts must be liberally construed in· favor of the rights of the pensioner." *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234, 236 (141 SE2d 220) (1965); *Burks v. Board of Trustees,* 214 Ga. 251 (104 SE2d 225) (1958).

The trial court concluded that the "legislative intent, reasonably construed, was to include only such actual duty service as was creditable towards retirement under the Federal statutes . . ." However, the similarity between state and federal law in this instance ends with the use of the term "active duty." Applying the same definition of "active duty" as exists under federal law, we reach a different result than would be reached thereunder. We reach a different result because the legislative scheme established by the General Assembly differs from that of Congress. Our construction of Code Ann. § 40-2504 (4) reflects the "intention of the legislature as it is expressed by the language of the statute." *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684, 686 (171 SE2d 314) (1969).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 1, 1980 — DECIDED
NOVEMBER 24, 1980 —

*Charles C. Stebbins, III, D. Field Yow,* for appellant.
*Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for appellee.